52 So.2d 135 (1951)
CITY OF HOLLYWOOD
v.
RIX et ux.
Supreme Court of Florida, Division B.
April 20, 1951.
Rehearing Denied May 11, 1951.
*136 Sherwood Spencer and Ellis & Spencer, all of Hollywood, for appellant.
Leonard Robbins, Hollywood, for Byron H. Rix and others.
Mather & Sauls, Hollywood, for William F. King and others.
ROBERTS, Justice.
The sole question here presented is the validity vel non of Ordinance No. 872 of the City of Hollywood, which was a zoning ordinance passed and adopted by the City Commission without notice and public hearing.
In 1939, by Chapter 19539, Chapter 176, Florida Statutes 1949, F.S.A., the Legislature conferred on all the cities and towns of this state the power to enact zoning ordinances. It was expressly provided in the Act, Section 176.05, Florida Statutes 1949, F.S.A., that "no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard", and that "At least fifteen days' notice of the time and place of such hearing shall be published * * *." Two years later, in 1941, by Chapter 21301, the City Commission of the City of Hollywood was expressly authorized and required by the Legislature to appoint a City Planning and Zoning Board. This Act, in addition to prescribing the membership and terms of office of the Board, further provided that the Board "shall be invested with such power and authority concerning, related to, or connected with, City planning and zoning, as shall be defined and prescribed by City Ordinance".
The City thereupon, by Ordinance No. 508, created a City Planning and Zoning Board, defined its powers and duties, and prescribed certain rules and regulations for the performance thereof. By an amendatory ordinance, No. 585, it was provided that, in making zoning recommendations "which may be initiated by a member or members of the City Planning and Zoning Board, it shall not be necessary for the City Planning and Zoning Board to publish any notice of such recommendation or of such amendment or change in any manner whatsoever." It is the contention of the City that the provisions of Ordinance No. 585 and Chapter 21301, Acts of 1941, supra, authorize the City Commission to enact zoning ordinances without notice and public hearing in those cases where the ordinance is based on a recommendation initiated by a member or members of the City Planning and Zoning Board. We are unable to sustain this contention.
Nowhere in Chapter 21301, Acts of 1941, is the City of Hollywood expressly granted the power to enact zoning ordinances, either with or without notice and public hearing. This Act dealt solely with the creation and organization of a City Planning and Zoning Board by the City of Hollywood. Since the City already had the power, under the provisions of general law, Chapter 19539, Laws of Florida, Acts of 1939, now appearing as Chapter 176, Florida Statutes 1949, F.S.A., to enact zoning ordinances, as well as to appoint a Zoning Commission, we conceive that the Legislature intended, in the enactment of Chapter 21301, Acts of 1941, merely to authorize the City to deviate from the provisions of general law respecting Zoning Commissions. Even if the Legislature could validly authorize the City to enact zoning ordinances without notice and public hearing  which we do not here decide  it has not been made to appear that it has done so.
We hold, therefore, that the City of Hollywood was not authorized to enact a *137 zoning ordinance without complying with the applicable provisions of the general law, Section 176.05, Florida Statutes 1949, F.S.A., and that the final decree declaring invalid Ordinance No. 872 of the City of Hollywood should be and it is hereby
Affirmed.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.