[Civ. No. 25329. Second Dist., Div. Three. Feb. 19, 1962.]

ROBERT WANAMAKER et al., Plaintiffs and Appellants, v. THE CITY COUNCIL OF THE CITY OF EL MONTE et al., Defendants and Respondents.

Palmer & Tookey and William A. Tookey for Plaintiffs and Appellants.

James A. Nicklin, City Attorney, Burke, Williams & Sorensen, Royal M. Sorensen and John R. Flandrick for Defendants and Respondents.

FRAMPTON, J. pro tem.*—This is an appeal from a judgment of dismissal entered after demurrer to the first amended complaint as amended was sustained without leave to amend.[1]

Plaintiff, El Monte-L. A. Airport, a corporation, occupies certain land under a lease from plaintiff, Robert Wanamaker. Such land was originally situated in unincorporated territory of the county of Los Angeles. On or about June 2, 1947, a major portion of such land was annexed to the City of El Monte, a municipal corporation, organized and existing under the provisions of the Government Code, title IV. Such land, since 1938, has been in continuous use as an airport. Between November 17, 1954, and August 4, 1958, Wanamaker purchased additional parcels of land adjacent to the original parcel, some within and some without the territorial limits of defendant-city, and all for the purpose of enlarging and improving the airport facility.

On or about February 6, 1948, the City of El Monte adopted a comprehensive zoning plan by its ordinance Number 252, wherein that portion of the subject property lying within its territorial limits was zoned as M-2. The use of the property for airport purposes in an M-2 zone under ordinance Number 252, was proper. On June 27, 1955, the City of El Monte's Planning Commission adopted a resolution instituting proceedings to consider and recommend to the city council "THE ADOPTION OF AN ORDINANCE OF THE CITY COUNCIL OF THE CITY OF EL MONTE AMENDING THE EL MONTE MUNICIPAL CODE BY ADDING TO ARTICLE IX THEREOF, A NEW CHAPTER 2 ENTITLED 'ZONING REGULATIONS', ESTABLISHING CLASSIFICATIONS OF LAND USES; REGULATING THE USE OF LAND; THE USE, BULK, HEIGHT, AREA AND YARD SPACES OF BUILDINGS; ADOPTING A ZONING MAP AND PROVIDING FOR ADJUSTMENT, ENFORCEMENT AND AMENDING OF THE FOREGOING AND REPEALING ORDINANCE NO. 252 OF SAID CITY AND ALL ORDINANCES AMENDATARY [sic] THEREOF." The minutes of the meeting show that notice of hearing of said proceedings had been duly published in the manner prescribed by law; that affidavit of publication was on file and that no protest had been filed. The minutes further

---

*Assigned by Chairman of Judicial Council.

[1] All code references herein are to sections of the Government Code unless otherwise designated.

show that the chairman of the meeting then asked if anyone present wished to protest or speak regarding the proposed zoning and no one protested. On August 5, 1955, the city planning commission, by resolution, recommended to the city council the adoption of the new zoning ordinance and the repeal of ordinance Number 252. On August 15, 1955, the city council set the first public hearing on the adoption of the new zoning ordinance for September 6, 1955, and directed the clerk to cause notice to be published of such hearing. A public hearing was held on September 6, 1955, and the matter was continued from time to time for further hearings, and such hearings were held. On December 19, 1955, the city council adopted the new zoning ordinance as theretofore proposed by the city planning commission, except for minor changes relating to off-street parking. The new zoning ordinance became effective, according to the terms of the resolution of adoption, on January 20, 1956. Such ordinance placed that portion of appellant's property within the boundaries of the city in zone M-2, and prohibited the use thereof for airport purposes unless a conditional use permit was first applied for and obtained.

Appellants claim that the new zoning ordinance is void, and that its enforcement as against them will result in the taking of their property without due process of law. In this connection they assert that the failure of the city planning commission and the city council to give appropriate notice, according to law, of the hearing in connection with the adoption of the new zoning ordinance, renders it invalid.

With respect to the adoption by the city planning commission of its resolution of June 27, 1955, for the consideration of and the making of recommendations concerning the adoption of the new ordinance and the repeal of the old, the minutes of the commission show that the clerk announced in open meeting, that notice of the hearing had been duly published in the manner prescribed by law and that affidavit of such publication was on file. The minutes of the city council show that the recommendation of the city planning commission was received by the former on August 15, 1955, and the clerk was directed to cause a publication of notice of public hearing thereon before the city council for September 6, 1955.

Appellants do not claim that notice of the hearings was not published in accordance with the law, and in the absence of a direct allegation to this effect, it must be presumed that the requirements of the law with respect to publication of such

notice have been complied with. (*Irvine* v. *Citrus Pest Dist.*, 62 Cal.App.2d 378 [144 P.2d 857] at 383; *People* v. *City of Whittier*, 133 Cal.App.2d 316 [24 P.2d 219] at p. 324; Code of Civ. Proc., § 1963, subd. 15.)

Appellants urge, however, that the City of El Monte, its city council and its planning commission, could not properly adopt the new zoning ordinance without giving a notice by mail as required by section 65805 of the Government Code. This section provides: "If the planning commission mails in the United States mail a written notice of a hearing on a change in or addition to any zoning ordinance, not less than five days prior to such hearing, to every person whose name and address appears on the latest available assessment roll or other list approved by the legislative body as an owner of any property within the territory covered by such proposed change and within not less than 300 feet of the outer boundaries thereof, the legislative body may enact an ordinance adopting any change or addition recommended by the planning commission after holding a public hearing thereon." This section was repealed by the statutes of 1957.

Respondents contend that where a complete new overall expression with respect to zoning, as distinguished from a change in or addition to any zoning ordinance, is contemplated, the provisions of section 65803 control the manner of giving notice, and the provisions of section 65805 have no application. Section 65803 provides: "Except as otherwise provided in this article, a zoning ordinance shall be initiated and adopted in the same manner as a precise plan, pursuant to Chapter 3. This section does not require the adoption of a master plan prior to either the initiation or adoption of a zoning ordinance."

The procedure for the adoption of such a precise plan referred to in section 65803, is as follows: (1) the planning commission must hold at least one public hearing before making any recommendation to the legislative body (§ 65650); (2) notice of the time and place of the hearing shall be given by at least one publication in a newspaper of general circulation in the city or county, at least 10 days before the hearing and by such other means as the commission deems necessary (§ 65651); (3) after such hearing, recommendation may then be made and forwarded to the city council for consideration (§§ 65652 and 65653); (4) upon receiving the commission's recommendation, the city council is required to hold at least one public hearing. Notice of the time and place of such hear-

ing shall be published once in a newspaper of general circulation in the city or county, at least 10 days before the hearing (§ 65654).

We believe the Legislature intended that the provisions of section 65803 should apply with respect to the method of giving notice under the circumstances here shown. The new zoning ordinance constituted a completely new expression on the subject by the city planning commission and the city council and effected a repeal of all existing ordinances. Its passage would affect every parcel of real property within the city limits.

"Manifestly, the new ordinance was intended as a substitute for the existing one. Such being the case, the latter or substituted ordinance repeals the former. The new ordinance must from its very terms be regarded as revisory of the entire matter of the earlier ordinance, and the latter must be held to have been superseded. The language 'amended in its entirety so as to read as follows' can only mean that the legislative body had made a new and complete expression of its will upon the subject of building control." (*Neuber* v. *Royal Realty Co.*, 86 Cal.App.2d 596 [195 P.2d 501] at p. 614.) In addition, appellants allege in their first amended complaint "By the terms of that Resolution [referring to the Aug. 5, 1955, resolution of the city planning commission recommending to the city council the adoption of the new zoning ordinance] it was proposed generally to enact a new Zoning Ordinance to entirely supersede and amend Ordinance No. 252 of the City of El Monte hereinbefore referred to." If appellants' position is sound and the provisions of section 65805 with respect to notice applied it would have been the duty of the city planning commission to have mailed a notice of their proceedings to every person whose name and address appeared on the latest available assessment roll, or other list approved by the legislative body as an owner of any property within the boundaries of the city *and within not less than 300 feet of the outer boundaries thereof.* Thus notice would have been given to owners of property outside the city with respect to the adoption of a zoning ordinance, the terms of which would not affect their property and where such owners would not be bound in the use of their property by a zoning ordinance effective only within the city limits, and thus would require the doing of a useless act. It seems apparent that the Legislature intended section 65805 to apply to a

situation where there was to be an amendment to a zoning ordinance which would affect a limited area of property within the city, which was then subject to the provisions of such ordinance as distinguished from a situation where, as here, the legislative body proposed to enact a new, complete and comprehensive plan which would affect all property within the city.

Publication of notice, in a proceeding such as this, as opposed to personal service of such notice or service by mail, meets the requirements of due process of law. "The terms *due process of law* or *due course of law* or *law of the land,* all of which signify the same thing, are sometimes defined as '*law in its course of administration through courts of justice.*'

 "As applied to judicial proceedings, this definition is concise and precise, but in a broader sense the term signifies such an exercise of the powers of the government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribed for the class of cases to which the one in question belongs.

"Administrative process, it has been said, of the customary sort, is as much *due process of law* as judicial process. To settle the question as applied to a given state of facts, we have but to examine the previous condition of things in use, and regarded as essential to the protection of the rights of the individual under such circumstances, and if in substantial compliance with such essentials, the course prescribed may be said to be in consonance with the law of the land, and to constitute *due process of law.*" (*Wulzen* v. *Board of Supervisors,* 101 Cal. 15 [35 P. 353, 40 Am.St.Rep. 17] at 19-20; *In re Sutter-Butte By-Pass Assess. No. 6.,* 191 Cal. 650 [218 P. 27] at 668; Witkin, Summary of California Law, 7th ed. vol. 3, p. 1919.)

The appellants received notice by publication as prescribed by the law applicable to the adoption of the new zoning ordinance, and such notice was sufficient to meet the requirements of due process of law.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.