[Civ. No. 27576. Second Dist., Div. Four. Dec. 19, 1963.]

CLAREMONT TAXPAYERS ASSOCIATION, Plaintiff and Appellant, v. THE CITY OF CLAREMONT, Defendant and Respondent.

590

Albert S. Scott, Jr., for Plaintiff and Appellant.

William G. Bergman, Jr., for Defendant and Respondent.

BURKE, P. J.—The Claremont Taxpayers Association seeks by this action in declaratory relief to nullify the comprehensive city zoning ordinance of the City of Claremont adopted March 31, 1958, being ordinance No. 599. Irregular-

ity is asserted in the proceedings for the adoption of the ordinance.

The plaintiff asserts that the underlying purpose of the adoption of the ordinance is to redistrict large areas of the city to uses less than their highest and best, as such uses had been previously determined and established under the former zoning ordinance.

Plaintiff contends the effect of the new zoning ordinance is to frustrate necessary business expansion, resulting in diminution of vested property values and a reduction of tax revenues.

■ With the wisdom of the ordinance we are not here concerned, such being a proper legislative function which is not reviewable unless palpably unreasonable. (*Lynch Meats of Oakland, Inc.* v. *City of Oakland*, 196 Cal.App.2d 104, 109 [16 Cal.Rptr. 302]; *Justesen's Food Stores, Inc.* v. *City of Tulare,* 43 Cal.App.2d 616, 620-621 [111 P.2d 424].) Its validity, however, is attacked upon several grounds, primarily because it is asserted the ordinance should be considered as amending the prior zoning ordinance and was enacted without compliance with the provisions of the city's zoning ordinance No. 441 with respect to notice.

The latter ordinance prescribed a comprehensive zoning plan for the city and effectively established zoning districts and regulated the uses of lands and buildings therein. It also specified the method whereby, upon notice, property could be removed from one zone and placed in another.

Plaintiff contends that such procedure should have been complied with to effect a change in zoning. This contention assumes that ordinance No. 599 was amendatory of ordinance No. 441. As its title indicates, the purpose of ordinance No. 599 was to establish zoning districts in the City of Claremont and regulate and restrict the uses of land and buildings, heights of buildings, areas of yards, other open spaces, and the location of buildings and improvements within the city; it adopted a map showing the zoning districts and provided for a method for effecting changes in zoning; it specifically repealed ordinance No. 441 and a long list of other ordinances.

Ordinance No. 599 was enacted pursuant to provisions of the Government Code, sections 65803, 65654, 6060 and 6061, relative to the enactment of a comprehensive zoning ordinance. These sections prescribe the proper notice to be given to

the public, the holding of a public hearing and the method of adoption of such an ordinance. The affidavits of the city attorney, considered by the court in support of the motion for summary judgment, disclose strict compliance by the city with the requirements of these sections of the code for the redistricting or rezoning of property as a part of a comprehensive zoning plan.

Plaintiff contends the single purpose of the enactment of the new ordinance was to rezone certain property in the city without compliance with the regulations of the previous comprehensive zoning ordinance. That this single purpose is not borne out by the affidavit referred to, and documents made a part thereof, is obvious. Ordinance No. 599 redistricted the entire city into 22 zones as compared to the seven districts provided for under the prior ordinance No. 441; property north of Foothill Boulevard, formerly either R-1 or educational, under No. 599 was rezoned as R-S, educational, C-2 and CP; downtown business changed from C-2 to C-3; many other changes, from C-2 to CP west of Indian Hill, from R-1 to R-2A northerly of the freeway, and the creation of additional manufacturing area north of the railroad tracks, were effected. Property development standards were changed in all zones. Agricultural purposes were removed from R-1. Churches, country clubs and golf courses were added to R-1; R-1 minimum area was increased from 6,000 square feet to 8,000; new requirements for minimum widths and depths of yards were added affecting all zones.

Accordingly, the ''one purpose'' contention of plaintiff is without basis in fact.

Plaintiff's complaint alleges the city did not post notices upon and along streets where zoning changes were proposed to be effected and in other ways failed to comply with ordinance No. 441. Since this ordinance was properly repealed by the new ordinance No. 599, its provisions for zoning amendments became inapplicable.

As a prelude to the enactment of its new zoning plan, the city procured the services of a nonresident planner and a traffic consultant. Their studies, plaintiff asserts, resulted in a master plan which was published in book form. Ordinance No. 599, in effect, adopted this plan.

Plaintiff states, ''By adopting the fiction of making C.O. 599 look like a genuine replacement ordinance, the defendant was able to illegally delegate to a hired non-resident Planner

the ostensible making of the decision to limit and reduce the boundary of the central business district. The Planner was made to appear to be analyzing the entire City, while in actuality he was acting as front man for the amendatory decision made by some unknown political boss. The defendant could not have openly delegated to an official the power to decide how land should be redistricted.'' Such statements are palpably conclusionary and unsupported. The city attorney's affidavit on file establishes the participation of the public at large in the proceedings culminating in ordinance No. 599.

■ The city planning commission held numerous public hearings in September, October and November 1956. Notice was published in the ''Claremont Courier,'' the only newspaper in the City of Claremont, calling for a public hearing on December 18, 1956. Continued hearings were held on December 27 through January and February 1957. Another notice was published April 4, 1957, for a hearing on April 18, 1957. Notice was likewise published for a hearing held on October 10, 1957, and on February 20, 1958, a notice was published of the hearing for March 3, 1958, at which the ordinance was introduced in final form and passed, after first and second reading, and on April 21, 1958, the ordinance was adopted. These proceedings were in strict compliance with applicable law.

■ The law on notice of a comprehensive ordinance is to the effect that where a zoning ordinance constituted a completely new expression on the subject by the city planning commission and the city council and effected a repeal of all existing zoning ordinances, its passage affecting every parcel of real property within the city limits, proper publication of notice under the procedure referred to in Government Code section 65803 was sufficient to meet the requirements of due process, and notice by mail to each affected property owner under former Government Code section 65805 was not required; that statute was applicable only to a situation where there was to be an amendment of a zoning ordinance affecting a limited area of property within the city. (See *Wanamaker* v. *City Council of El Monte*, 200 Cal.App.2d 453 [19 Cal.Rptr. 554].)

■ Plaintiff's contentions regarding purported violations of the Brown Act, which in effect proscribes secret meetings of any legislative body in the state, are unavailing, because,

even if true, the ordinance would not be invalidated. (See *Adler* v. *City Council of Culver City,* 184 Cal.App.2d 763, 774-775 [7 Cal.Rptr. 805].)

The question of plaintiff's capacity to sue becomes irrelevant. The judgment entered upon the order sustaining defendant's demurrer to plaintiff's complaint without leave to amend and granting defendant's motion for summary judgment is affirmed.

The purported appeal from orders sustaining demurrer without leave to amend and granting defendant's motion to dismiss complaint and for entry of summary judgment is dismissed.

Jefferson, J., and Kingsley, J., concurred.