No. 27484. F. P. PLAZA, INC. et al. v. WAITE et al.

GUNTER, Justice. This case comes here on appeal from a judgment of Fulton Superior Court which declared certain "notice provisions" of the Fulton County Comprehensive Zoning Resolution unconstitutional because of their violation of the "due process" and "equal protection" requirements of the Georgia and Federal Constitutions.

We hold that the judgment below was erroneous and must be reversed.

Appellants made proper application to rezone certain land in Fulton County located on the boundary line between Fulton and DeKalb Counties. The land was eventually rezoned by the Fulton County Commissioners in accordance with the application for rezoning, but the appellees, all property owners or occupants of property in DeKalb County, attacked the rezoning in this lawsuit as being invalid.

Whether the owners and occupants of land in one county can have standing to attack the rezoning of land in another county is a very interesting question, but because of the facts in this case applied to the law as we interpret it we do not have to reach that issue in deciding this case.

The crux of the attack against the rezoning by the appellees was that they did not have "notice" of the rezoning proceedings as required by law, that their property rights were affected by the rezoning, and the rezoning was therefore in violation of their

consitutional "due process" and "equal protection" rights.

The Georgia Constitution provides for zoning by counties. Code Ann. §§ 2-1923 and 2-8404.

The authorization contained in our Constitution for a county to zone property within its jurisdiction includes the right to rezone property which had already been zoned. See *Kirkpatrick v. Candler,* 205 Ga. 449 (53 SE2d 889).

Section 8 of Act No. 825, Ga. L. 1952, p. 2689, provided that the governing authority of Fulton County could adopt a comprehensive zoning plan for the county. Section 9 of that same Act, Section 9 having been later amended in 1968, provided the procedure for rezoning or the amendment of the zoning resolution of the county.

According to Section 9 (Ga. L. 1968, p. 3769) an application for rezoning must be filed with the planning commission "which shall proceed to hold a public hearing thereon after notice to interested parties, in accordance with the rules and regulations adopted by the authorities in charge of county affairs as a part of the zoning resolution."

Art. XXVIII, Sec. 3, Par. 2 of the Fulton County Zoning Resolution provides that the planning commission (Atlanta-Fulton County Joint Planning Board) shall hold "preliminary public hearings" on all rezoning applications and that notice of such preliminary hearing shall be given by placing a sign on the property sought to be rezoned and by mailing a notice of the hearing by regular mail to all property owners within three hundred feet of the subject property as their "ownership and address appear on the tax records of Fulton County."

It is thus seen that the only notice required to be given with respect to the preliminary public hearing before the planning commission is the posting of the sign on

the property and mailing a notice to specified property owners. For the preliminary hearing there is no requirement of notice by publication.

It is also significant, especially in relation to procedural due process and equal protection, that the planning commission has no authority to rezone property; the extent of the planning commission's power is to make recommendations to the governing authority; and the power to rezone property is vested totally and exclusively in the governing authority of the county under the law.

We therefore hold that defective notice or lack of notice of the preliminary hearing before the planning commission, which cannot rezone property so as to deprive a party of his property rights, is not violative of procedural due process or equal protection, provided such party has due and legal notice of the hearing on the matter of rezoning before the county governing authority, the body which can rezone land and thereby deprive a party of his property rights. Procedural due process is afforded if an affected party has an opportunity to be heard at any time before the rezoning decision is reached by the county governing authority.

We next looked to see what notice is required to be given for a rezoning hearing conducted by the governing authority. Section 9 of the statute (Ga. L. 1968, p. 3769) provides that notice of the hearing before the governing authority shall be published once a week for at least three weeks in the official county newspaper prior to the holding of the public hearing. Sec. 4 of Art. XXVIII of the county zoning resolution provides for exactly the same notice of the public hearing before the governing authority as is provided for in the statute. It is conceded that this notice by publication required by the statute and the zoning resolution was given.

We hold that such notice by publication of a rezoning hearing to be held by a governing authority of a county

is proper and adequate insofar as the requirements of procedural due process and equal protection are concerned. Such notice by publication puts all parties, wherever located, on notice that a public hearing will be held at the stated time and place before the governing authority which is considering an application to rezone land under the jurisdiction of the governing authority. We have held that such notice by publication is all that affected property owners are entitled to, and that their legal or constitutional rights are not violated by the rezoning of property when such notice by publication is given. See *Willingham v. White* 229 Ga. 75 (189 S E2d 442).

It follows that the notice given to the appellees in this case was not constitutionally deficient, and the trial court erred in holding that it was.

The appellees argue in this court that if the notice given was not constitutionally deficient, then there are still other issues to be decided in the trial court with respect to the validity of the rezoning action taken by the Board of Commissioners of Fulton County on June 7, 1972. These issues relate to the manner by which the Board of Commissioners reached its decision between the dates of May 3, 1972, through June 7, 1972.

These contentions of the appellees are without merit, because Sec. 9 of the statute (Ga. L. 1968, p. 3769) empowering the governing authority of Fulton County to rezone property provides that after the hearing before the governing authority on the proposed change, the governing authority "shall have the right to continue the hearing from day to day, or to a named day, or may withhold final action thereon pending further consideration and investigation on their part, . . . ."

It is thus seen that the governing authority of Fulton County is given by law absolute authority with respect to the rezoning of property within its jurisdiction.

Before a rezoning decision by it, it must properly advertise and hold a public hearing at which all interested citizens and property owners can make their views known to the governing authority with respect to the proposed rezoning decision. However, once that notice is given and that hearing is conducted before the governing authority, it then has almost unrestricted authority with respect to the time and manner in making its decision.

The flexibility of the procedure and the extent of the power conferred upon the governing authority to rezone land may be subject to criticism, but it is not illegal or unconstitutional.

Upon review of the entire record we find no legal infirmity in the rezoning action taken by the Board of Commissioners of Fulton County on June 7, 1972.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 11, 1972 — DECIDED FEBRUARY 8, 1973 — REHEARING DENIED FEBRUARY 22, 1973.

*Stack, O'Brien & Neely, Edgar A. Neely, III, David J. Keeler,* for appellants.

*Greene, Buckley, DeRieux & Jones, Ferdinand Buckley, Raymond H. Vizethann, Jr.,* for appellees.

*Webb, Parker, Young & Ferguson, Robert G. Young,* amicus curiae.