CROSS, Judge.
Appellant-defendants, City of Fort Laud-erdale, Florida, a municipal corporation, and Calvin Howe, Director of Building and Zoning for the City of Fort Lauder-dale, appeal a final judgment entered by the circuit court declaring Fort Lauderdale City Ordinance C-73-45 invalid and permanently enjoining the City of Fort Lauderdale from enforcing said ordinance. We reverse.
On March 27, 1973, pursuant to Section 47-32.5 Code of Ordinances of the City of Fort Lauderdale, Florida, various individuals owning real property in proximity to a tract of land described as Parcel D, Harbor Beach Extension, filed an application with the Fort Lauderdale Planning and Zoning Department for the rezoning of Parcel D from R-4/RM60 to R-3-A/RM25. Public hearing on the rezoning proposal was held before the Fort Lauderdale Planning and Zoning Board on April 18, 1973. After the hearing the Planning and Zoning Board entered its recommendation to the Fort Lauderdale City Commission that Parcel D be rezoned from R-4/RM60 to R-3-A/RM25.
On May 15, 1973 the Fort Lauderdale City Commission held a public hearing on Ordinance No. C-73-45; this ordinance by its terms provided for rezoning of Parcel D, Harbor Beach Extension, in conformity with the planning and zoning board’s recommendation. Appellee-plaintiff, Gulf and Eastern Development Corporation, which had on April 6, 1973 purchased property situated within Parcel D, appeared at the city commission hearing and objected to the fact that it had not been notified by the city of the rezoning proposal and the April 18th planning and zoning board hearing thereon. Notwithstanding plaintiff’s objection, the city commission passed upon first reading Ordinance No. C-73-45. Ordinance No. C-73-45 was subsequently enacted by the city commission on June 19, 1973 after second and third readings of the ordinance.
On May 18, 1973 the plaintiff filed a complaint in circuit court seeking (1) to temporarily and permanently enjoin appellant-defendant, City of Fort Lauderdale, from rezoning plaintiff’s property, and (2) to require the City of Fort Lauderdale and appellant-defendant, Calvin Howe, the Director of Building and Zoning for the City of Fort Lauderdale, to issue plaintiff a building permit for use of his property consistent with R-4/RM60 zoning. The trial court denied plaintiff’s application for a temporary injunction.
After Ordinance No. C-73-45 was enacted by the Fort Lauderdale City Commission on June 19, 1973, the plaintiff, upon stipulation of the parties, filed a supplement to its complaint seeking to have Ordinance No. C-73-45 declared invalid and to have the City of Fort Lauderdale enjoined from enforcing said ordinance. The cause came on for final hearing. The circuit court found that the plaintiff had not been notified by the city of the rezoning proposal and the April 18th planning and zoning board hearing thereon as required by Section 47-32.7, Fort Lauderdale Code of Ordinances. Therefore, the circuit court entered final judgment declaring Ordinance No. C-73-45 invalid and permanently enjoining the City of Fort Laud-erdale from enforcing said ordinance. It is from this final judgment that defendants appeal.
Defendants’ primary contention on appeal is that Ordinance No. C-73-45 is valid and effective notwithstanding any *90 failure on the part of the city to notify plaintiff of the rezoning’ proposal and the April 18th planning and zoning board hearing thereon. We agree with that contention.
It is undisputed that under the Fort Lauderdale City Charter (Chapter 57-1322, Laws of Florida) the Planning and Zoning Board has the duty to make recommendations to the City Commission as to proposals to rezone lands within the city. However, the Board has no power to enact a rezoning ordinance or any other ordinance; only the City Commission has the power to enact ordinances, including rezoning ordinances.
In F. P. Plaza, Inc., v. Waite, 230 Ga. 161, 196 S.E.2d 141 (1973), cert. denied 414 U.S. 825, 94 S.Ct. 129, 38 L.Ed.2d 59, the Supreme Court of Georgia was presented with a situation nearly identical to the one facing, us.
It appears in that case that the Fulton County Commission rezoned certain property pursuant to the application of F. P. Plaza, Inc., and others. Waite and othér owners or occupants of the property attacked the rezoning as invalid on the ground that they did not have notice of the proceedings before the Atlanta-Fulton County Joint Planning Board. The trial court granted relief upon the ground that the notice provisions as to the Planning Board hearings were unconstitutional.
In reversing the trial court’s judgment the Supreme Court of Georgia noted that the Planning Board had authority only to make recommendations; it had no authority to rezone property. The county commission alone had the power of rezoning. For this reason defective notice or lack of notice of the hearing before the Planning Board was not violative of procedural due process or equal protection so long as the affected owners had an opportunity to be heard by the county commission at- any time before the commission reached its rezoning decision:
“It is also significant, especially in relation to procedural due process and equal protection, that the planning commission has no authority to rezone property; the extent of the planning commission’s power is to make recommendations to the governing authority; and the power to rezone property is vested totally and exclusively in the governing authority of the county under the law.
“We therefore hold that defective notice or lack of notice of the preliminary hearing before the planning commission, which cannot rezone property so as to deprive a party of his property rights, is not violative of procedural due process or equal protection, provided such party has due and legal notice of the hearing on the matter of rezoning before the county governing authority, the body which can rezone land and thereby deprive a party of his property rights. Procedural due process is afforded if an affected party has an opportunity to be heard at any time before the rezoning decision is reached by the county governing authority.” 196 S.E.2d at 144.
In the present case appellee had notice of the meetings of the City Commission and was present at both meetings during which the City Commission — the body which had the power to rezone the land involved here — considered the proposed rezoning and then adopted Zoning Ordinance C-73^-5. It is therefore clear that appellee had the opportunity to be heard before the City Commission made the rezoning decision in question, and appellee was therefore afforded procedural due process.
Accordingly, the final judgment entered by the circuit court is reversed and the cause is remanded with directions to enter final judgment in favor of the defendants.
Reversed and remanded with directions.
MAGER and DOWNEY, JJ„ concur.