354 So.2d 57 (1978)
GULF & EASTERN DEVELOPMENT CORPORATION, Petitioner,
v.
CITY OF FORT LAUDERDALE, a Municipal Corporation, and Calvin Howe, Director of Building and Zoning for the City of Fort Lauderdale, Respondents.
No. 49619.
Supreme Court of Florida.
January 12, 1978.
*58 Terrence J. Russell and Steven J. Gutter of Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, for petitioner.
W.W. Caldwell, Jr. and Donald R. Hall, Fort Lauderdale, for respondents.
SUNDBERG, Justice.
This matter comes before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 332 So.2d 88. It is alleged that the decision in the instant case is in direct conflict with numerous decisions of this Court and other district courts of appeal upon the issue of whether notice to an affected landowner of a hearing before a planning and zoning board to consider the rezoning of a parcel of real property is essential to the validity of an ordinance rezoning such property, subsequently enacted by a city commission, based upon the recommendation of the planning and zoning board.[1] We find such conflict to exist and, therefore, we have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
While petitioner raises five points for our consideration, we believe the points respecting notice are dispositive of the case and will limit our discussion and decision to that issue.
On March 27, 1973, pursuant to Section 47-32.5, Fort Lauderdale Code of Ordinances, various individuals owning real property in proximity to a tract of land owned by the petitioner's predecessors in title, described as Parcel D, Harbour Beach Extension, filed an application with the Fort Lauderdale Planning and Zoning Board[2] for the rezoning of Parcel D from R-4/RM60 to R-3-A/RM25. A public hearing on the rezoning proposal was held before the Fort Lauderdale Planning and Zoning Board on April 18, 1973. After the hearing, the Planning and Zoning Board entered its recommendation to the City Commission that Parcel D be rezoned from R-4/RM60 to R-3-A/RM25.
On May 15, 1973, the Fort Lauderdale City Commission held a public hearing on Ordinance No. C-73-45; this ordinance by its terms provided for rezoning of Parcel D, Harbour Beach Extension, in conformity with the Planning and Zoning Board's recommendation. Petitioner, which had on April 6, 1973, purchased property situated within Parcel D, appeared at the City Commission hearing and objected to the fact that it had not been notified by the city of the rezoning proposal and the April 18, 1973 Planning and Zoning Board hearing thereon.[3] Notwithstanding petitioner's objection, *59 the City Commission passed Ordinance No. C-73-45 upon first reading. The ordinance was subsequently enacted by the City Commission on June 19, 1973, at the second and third readings of the ordinance.
On May 18, 1973, petitioner filed a complaint in Circuit Court for Broward County, Florida, seeking (i) to temporarily and permanently enjoin the City of Fort Lauderdale from rezoning its property, and (ii) to require respondents to issue petitioner a building permit for use of its property consistent with R-4/RM60 zoning. The trial court denied petitioner's application for a temporary injunction. After Ordinance No. C-73-45 was enacted by the City Commission, however, petitioner supplemented its complaint, seeking to have the ordinance declared invalid and to have the City of Fort Lauderdale enjoined from enforcing the ordinance. At final hearing the circuit court found that petitioner had not been notified by the city of the rezoning proposal and the April 18 Planning and Zoning Board hearing thereon, as required by Section 47-32.7, Fort Lauderdale Code of Ordinances. Therefore, the trial court entered final judgment declaring the ordinance invalid and permanently enjoining the city from enforcing the ordinance. On appeal to the District Court of Appeal, Fourth District, respondents contended that Ordinance No. C-73-45 was valid and effective notwithstanding the city's failure to notify petitioner of the rezoning proposal and the April 18 Planning and Zoning Board hearing thereon. Relying on F.P. Plaza, Inc. v. Waite, 230 Ga. 161, 196 S.E.2d 141 (1973), cert. denied 414 U.S. 825, 94 S.Ct. 129, 38 L.Ed.2d 59 (1973), the district court agreed with respondents upon the premise that the planning and zoning board was only a recommendatory authority and, so long as an affected landowner had an opportunity to be heard before the governing authority (the City Commission), the landowner was not deprived of procedural due process. Accordingly, the district court reversed and remanded with directions to enter final judgment in favor of the respondents. This petition for certiorari ensued.
We find that the function and authority of the Planning and Zoning Board pursuant to the charter and ordinances of the City of Fort Lauderdale exceeds that of a mere recommendatory body, and that the failure to notify petitioner of the meeting violates the very provisions of the city's ordinances. Consequently, we are compelled to quash the decision of the District Court of Appeal, Fourth District.
It is without question that due process requires that an affected landowner be given prior notice and an opportunity to be heard before action is taken by a zoning authority to alter the use to which the owner is permitted to put his land. See City of Ft. Lauderdale v. Gulf & Eastern Development Corporation, 332 So.2d 88 (Fla. 4th DCA 1976); Bal Harbour Village v. State ex rel. Giblin and F.P. Plaza, Inc. v. Waite, supra. Cf. Rowland v. State, 129 Fla. 662, 176 So. 545 (1937) (condemnation of private property). The crux of the issue, however, is at what stage of the proceedings must the owner be notified and be given an opportunity to be heard.
Zoning is a legislative function which reposes ultimately in the governing authority of a municipality. See Josephson v. Autrey, et al., 96 So.2d 784, 788 (Fla. 1957). However, as with most municipalities, the charter and ordinances of the City of Fort Lauderdale have delegated some portions of the zoning process to an independent board. The question is: Has a sufficient portion of the process been delegated to the board so as to necessitate notice and an opportunity to be heard before the Planning and Zoning Board, in order to meet the requirement of due process? Respondents maintain not. As authority for their position they rely upon F.P. Plaza, Inc. v. Waite, supra. We believe this position to be in error for two reasons. First, by Section 47-32.5(h), Fort Lauderdale *60 Code of Ordinances,[4] the Fort Lauderdale Planning and Zoning Board enjoys de facto interim zoning authority. Once the Board recommends to the City Commission that the zoning on a parcel of land be changed from a less restrictive to a more restrictive use, the building department is prohibited from issuing a permit on the property for a use not permitted in the more restrictive district until the recommendation has been acted on by the City Commission. This effectively endows the Board with the power to alter the use of a particular parcel of land on an interim basis. Cf. City of Miami Beach v. State ex rel. Fontainebleau Hotel Corp., supra (emergency ordinance passed as amendment to building code altering building setbacks constituted zoning ordinance, thus requiring notice and hearing).
Second, notwithstanding the authority conferred by Section 47-32.5(h), it is apparent that much if not all of the fact-finding, discussion, and consideration with respect to the merits or demerits of a zoning change are accomplished at the zoning board level. Although a record in the strict sense is not made at the zoning board hearing by which the City Commission is bound, nonetheless it is clear that those proceedings result in input which is material and substantial in the ultimate decision-making process. The importance of this part of the process has been recognized in the context of the government in the sunshine law, Section 286.011, Florida Statutes (1975). In Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), this Court recognized the essential part such consideration and discussion plays in the ultimate decision-making process by holding that a lay group of citizens, designated by the town council of the Town of Palm Beach to advise the council in the adoption of an ultimate zoning plan, was subject to the provisions of Section 286.011. Because it is apparent that the deliberations and actions of the planning and zoning board are an integral part of the zoning process, we reject the rationale of F.P. Plaza, Inc. v. Waite, supra, and hold that due process requires that an affected landowner is entitled to notice and an opportunity to be heard at the planning and zoning board stage of the zoning process.
Accordingly, we construe the phrase "municipal zoning authority" in Section 176.051(1), Florida Statutes (1971),[5] to include planning and zoning boards of the type here under consideration which make recommendations to the ultimate governing authority, in this case the City Commission of the City of Fort Lauderdale. We hold, then, that lack of notice of the hearing before the Planning and Zoning Board constitutes a *61 violation of Section 176.051(1), Florida Statutes (1971).[6]
Furthermore, we hold that the City of Fort Lauderdale was bound by the procedural requirements imposed by its city charter and ordinances. See Rhodes v. City of Homestead and Florida Tallow Corporation v. Bryan, supra. Regardless of the operation of Section 176.051(1), Florida Statutes (1971), by Section 47-32.7, Fort Lauderdale Code of Ordinances, the City of Fort Lauderdale promised property owners notification and a right to be heard when their lands would be affected by proposed zoning. Even if the City of Fort Lauderdale were not constitutionally and statutorily obliged to extend the procedural due process set forth in Section 47-32.7, nevertheless, once it has done so it should not be permitted to renege on its promise anymore than one of its private citizens would be entitled to do. Cf. Citizens of Florida v. Mayo, 333 So.2d 1, 7 (Fla. 1976) (Public Service Commission promise of procedural rights to a party, in notice of public hearing).
For the reasons heretofore enunciated, the petition for writ of certiorari is granted, the decision of the District Court of Appeal, Fourth District, is quashed, and this cause is remanded to the District Court of Appeal with instructions to remand to the trial court for reinstatement of its judgment.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD and KARL, JJ., concur.
NOTES
[1] See Town of Hillsboro Beach v. Weaver, 77 So.2d 463 (Fla. 1955); City of Hollywood v. Rix, et ux., 52 So.2d 135 (Fla. 1951); Bal Harbour Village v. State ex rel. Giblin, 299 So.2d 611 (Fla. 3d DCA 1974); Rhodes v. City of Homestead, 248 So.2d 674 (Fla. 3d DCA 1971); Florida Tallow Corporation v. Bryan, 237 So.2d 308 (Fla. 4th DCA 1970); City of Miami Beach v. State ex rel. Fontainebleau Hotel Corp., 108 So.2d 614 (Fla. 3d DCA 1959).
[2] The Planning and Zoning Board of Fort Lauderdale was formed pursuant to City Charter, Section 324. The duties of the Board are set out in Section 326 of the Charter as follows:

"(a) To act in an advisory capacity to the City Commission, to conduct investigations and hold public hearings upon all proposals to change zoning regulations of the City... .
"(b) To make recommendations to the City Commission for changes in the existing City plan... .
"(c) To investigate and approve or disapprove all new plats intended to be presented to the City Commission for approval.
"(d) To perform such other duties as may from time to time be assigned to such Board by the City Commission, or prescribed by ordinance."
[3] Section 47-32.7, Fort Lauderdale Code of Ordinances, provides, in pertinent part, the following with respect to notice of public hearings before the Planning and Zoning Board:

"(a) Application to rezone lands. The owners of all lands sought to be rezoned and the owners of all lands lying within three hundred (300') feet of any of the lands sought to be rezoned, shall be notified of the proposal to rezone, and of the meeting at which such proposal will be scheduled for public review and discussion. For this purpose the owners shall be deemed to be the persons shown upon the tax cards in the city treasurer's office in the City of Fort Lauderdale as having an interest in or relation to the particular property involved. Such notice shall be mailed to the address shown upon the aforesaid tax card at least ten (10) days before the date of such hearing."
[4] Section 47-32.5(h), Fort Lauderdale Code of Ordinances, provides as follows:

"(h) In any case where the planning and zoning board has recommended to the city commission that the zoning on a parcel of land be changed from a less restrictive to a more restrictive district, the building department shall not issue a permit on said land for a use not permitted in the more restrictive district until the recommendation has been acted on by the City Commission."
[5] § 176.051(1), Fla. Stat. (1971):

"Change in zoning classification; notification requirements. 
"(1) When any municipal zoning authority proposes a change in zoning classification of a single parcel or a group of not more than five hundred parcels of any property within its jurisdiction, it shall be the duty of said authority to give notice by mail to each property owner whose zoning classification is proposed to be changed. Such notice shall be mailed to the owner's current address of record, as maintained by the assessor of taxes for the jurisdiction proposing the change and be postmarked no later than ten days prior to the first scheduled hearing concerning the proposed change. The notice shall contain the legal description of the affected property, the existing zoning classification, the proposed zoning classification, and the time and place of any scheduled hearing concerning the proposed zoning change. Prior to the effective date of any zoning classification change, the municipal zoning authority shall cause an affidavit to be filed with the city clerk certifying that said authority has complied with the provisions of this section. The filing of said affidavit shall be prima facie proof of compliance with the requirements of this section. A failure to give notice shall not affect the validity of zoning except as to the property of the complaining owner."
[6] Effective October 1, 1973, § 176.051, Fla. Stat. (1971), was expressly repealed by § 5(1), Ch. 73-129, Laws of Florida, the "Municipal Home Rule Powers Act."