BERANEK, Judge.
This is an interlocutory appeal by plaintiff, Gulf & Eastern Development Corp. The order appealed was entered March 9, 1979, in the Circuit Court in Broward County. This order denied plaintiff/appellant’s petition for assessment of damages for delay. In this interlocutory appeal we have been supplied with a record which consists solely of the order in question.
This case was originally filed in 1973 when Gulf & Eastern Corp. sought to enjoin the enforcement of a particular zoning ordinance affecting property owned by it. In January, 1974, the Circuit Court entered an *879 order enjoining the City of Fort Lauderdale from enforcing the particular zoning ordinance and the City appealed to the Fourth District Court of Appeal. This court reversed and remanded for entry of a judgment in favor of the City. We are advised by the briefs on interlocutory appeal that no supersedeas bond was requested and posted by the City in the initial appeal.
Gulf & Eastern Development Corp. thereafter petitioned the Supreme Court for cer-tiorari and in Gulf & Eastern Development Corp. v. City of Fort Lauderdale, 354 So.2d 57 (Fla.1978), the Supreme Court granted certiorari and quashed this court’s decision reported at 332 So.2d 88 (Fla.4th DCA 1976). The Supreme Court remanded the cause with instructions to reinstate the judgment in favor of plaintiff/Gulf & Eastern Development Corp.
Once again by the briefs only, we are advised that Gulf & Eastern filed a petition for assessment of damages for delay against the City seeking $423,406.70 representing accrued interest on the mortgage loan and damages due to their inability to use the property in question during the pendency of the appellate proceedings. The trial court denied the petition. We are not favored with a copy of the petition.
The two cases most applicable are City of Lauderdale Lakes v. Corn, 371 So.2d 1111 (Fla.4th DCA 1979), and City of Jacksonville v. Brentwood Golf Course, Inc., 338 So.2d 1105 (Fla.1st DCA 1976). Both of these cases are to the effect that damages for delay may be proper when the principal has agreed to pay such damages by virtue of a particular clause in a bond which is posted for purposes of securing supersedeas of a final judgment which the principal desires to appeal. Since no bond is involved here, we are not dealing with the question of the extent of a written obligation assumed under a bond. We are instead dealing with a question of whether the City bears independent legal liability for damages resulting from delay during appeal. Apparently such money damages were not sought in the original complaint filed in 1973. The “petition” is not contained in the record before us and we are not aware that it is authorized by Rule of Civil Procedure 1.100(a), which states, “There shall be a complaint or when so designated by statute, or rule, a petition . . ..” There is no indication that a complaint has ever been filed seeking damages for delay. Under the circumstances here presented, appellant has totally failed to demonstrate reversible error on the part of the trial court and the order below is therefore affirmed.
AFFIRMED.
DOWNEY, C. J., and MOORE, J., concur.