PER CURIAM.
We affirm the dismissal of the plaintiff property owners’ association’s amended complaint for declaratory relief, upon a holding that the defendant City of Miami Beach complied with the notice requirements imposed by its city charter and ordinances when it enacted a comprehensive zoning ordinance in 1971 to replace the then-existing comprehensive zoning ordinance. See Gulf & Eastern Development Corp. v. City of Fort Lauderdale, 354 So.2d 57 (Fla.1978). The appellant’s contention that repeal and replacement of the ordinance in question required mail notice is erroneous.
The plain and obvious meaning of the repealed zoning ordinance, see Rinker Materials Corp. v. City of North Miami, 286 So.2d 552 (Fla.1973), as the trial court found, is that publication notice is all that is required in enacting a comprehensive zoning ordinance. The mailed notice provision of the repealed ordinance applies only to “site-specific” changes affecting only a limited area of property.[1] Cf. Claremont *381 Taxpayers Association v. City of Claremont, 223 Cal.App.2d 589, 35 Cal.Rptr. 907 (1963) (mailed notice requirements for changes to a limited area of property do not apply to the repeal and replacement of comprehensive zoning ordinance); Wanamaker v. City Council of El Monte, 200 Cal.App.2d 453, 19 Cal.Rptr. 554 (1962) (mailed notice requirement for amendment to zoning ordinance did not apply to enactment of new, complete and comprehensive plan which would affect all property within the city).
The order of the trial court is accordingly affirmed.

. Section 21 of the repealed City of Miami Beach Ordinance 289 provides:
Upon its own initiative, or upon the petition of the owners of a majority of frontage in any area, the City Council may after having held a public hearing following at least fifteen (15) days notice of the time, place and object of such hearing published in an official paper, or a place of general circulation in said City of Miami Beach, amend, supplement, change, modify or repeal the regulations and boundaries herein established, provided, however, that no amendment shall become effective except by the favorable vote of five-sevenths (½) of all the members of the City Council. And, provided further, that if the hearing is to be on a question of a change in the boundaries herein established, then such fifteen (15) days notice shall be given by mail to the owners of record of land lying within 375 feet *381 of the land, the boundaries of which propose to be changed.