### 41555. COLEMAN et al. v. JOHNSON et al.
(325 SE2d 382)

HILL, Chief Justice.

This zoning appeal arises from the City of Roswell. The Colemans applied for rezoning of their 10-acre tract from single family to multi-family residential, which change was opposed by their neighbors. The Roswell city council approved the change, and the neighbors brought suit against the mayor and council. On motion for summary judgment the trial court found that the rezoning was void because notice of the proposed rezoning did not comply with the requirements of the city's zoning code. The landowners appeal.

Section 1330 of the Zoning Code of the City of Roswell provides: "Before taking action on any proposed amendment, the City Council shall hold a public hearing. In scheduling a public hearing for a proposed zoning amendment, the City Council shall give public notice at least fifteen (15) days prior to the public hearing in a newspaper of

general circulation in the municipality, which notice shall state the time, date, and place of hearings, as well as briefly describe the nature of the proposed amendments for which the hearing has been scheduled." Section 1340 requires posting of signs upon the property to be rezoned at least 15 days before the hearing, giving notice of "the date and time of the public hearing before the City Council."

The city council conducted hearings on the zoning change in issue here at three of its meetings, referring the matter back to its planning commission after the first two such meetings. Proper notice by newspaper and posting upon the property was given as to the first meeting, held January 10, 1983. No notice was given as to the second meeting, held in February, and untimely notice was given as to the third meeting, held March 8, 1983, at which the zoning change was approved. The trial court found that the rezoning ordinance was void because the notice requirements of the code were not met as to the hearings in February and March.

We have two lines of cases, each depending upon the particular law and facts involved. In *Toomey v. Norwood Realty Co.*, 211 Ga. 814 (89 SE2d 265) (1955), a zoning change heard after proper notice in February was adopted in December 1954. The zoning act provided that, on the date set for the hearing, the county commissioner shall "hear and determine . . . and dispose of . . ." the change unless he continues the hearing "from day to day or to any named day. . . ." (Emphasis in original deleted.) At the hearing in February, no decision had been rendered and the matter had not been continued. The court found the zoning change to be invalid.

In *South Jonesboro Civic Assn. v. Thornton*, 248 Ga. 65 (281 SE2d 507) (1981), also relied upon by the opponents of the rezoning, the notice set the date for hearing on April 18 but the matter was not heard until May 23. The court found the zoning change to be invalid, noting that strict compliance with the notice provisions of a rezoning ordinance is required.

On the other hand, in *Powers Ferry Civic Assn. v. Life Ins. Co. of Ga.*, 250 Ga. 419 (297 SE2d 477) (1982), the notice of hearing fixed its date for December 2 and the hearing was held on that date. The commission then voted to postpone rendering its decision to its January 6 meeting, at which meeting the zoning change was approved. The court found that the postponement was authorized by Ga. L. 1968, pp. 3769, 3770 (§ 9), and that the zoning change therefore was valid. See also *F. P. Plaza, Inc. v. Waite*, 230 Ga. 161, 164-165 (196 SE2d 141) (1973).

Thus it can be seen that some zoning enactments require that the rezoning decision be made at the time fixed by the notice for the hearing (or expressly continued), while others permit the decision to be made after the hearing. This case is in the latter category because

Section 1350 of the Roswell Zoning Code provides: "Within a period of sixty (60) days *from the date of the public hearing* on a petition to amend this Ordinance, the Roswell City Council shall render an official decision on the petition." (Emphasis supplied.)

Reading the three pertinent sections of the zoning code in context, we find that it requires only one public hearing and that it does not require that an immediate decision be made. A rezoning decision would be valid under section 1350, supra, if made within 5 or 10 days after the public hearing, although no notice was given of the date the decision would be rendered. The fact that the neighbors were given a hearing at the city council's meetings in February and March does not change the facts that notice of the January hearing was given as required by the code and the decision was rendered within 60 days thereafter. See *F. P. Plaza, Inc. v. Waite,* supra, 230 Ga. at 165. Compliance with the notice requirements of the code provides due process for the neighbors. The trial court therefore erred in granting partial summary judgment to the neighbors on the notice issue.

*Judgment reversed. All the Justices concur, except Smith, J., not participating.*

DECIDED FEBRUARY 8, 1985.

*Glass, McCullough, Sherrill & Shaifer, John A. Sherrill,* for appellants.

*Valianos, Joh & Homer, Christopher J. Valianos, Kathryn M. Zickert, Michael E. Sullivan,* for appellees.