Mr. Frank Comparetto, Jr. Attorney for the City of Mulberry Post Office Drawer 1900 Lakeland, Florida 33802
Dear Mr. Comparetto:
You ask substantially the following question:
Does a municipality have the authority through zoning to ban businesses which use radioactive materials from locating or operating within its boundaries?
In sum, I am of the opinion that:
A municipality may not, through zoning, ban businesses which use radioactive materials from locating or operating within its boundaries.
According to your letter, a company wishes to construct a food irradiation plant within the city limits. The plant will use Cobalt 60. It will, therefore, be necessary for the company to receive, store and transport Cobalt 60 within the municipal boundaries.
You state that the proposed site for the plant is on property which was recently annexed into the city and which has not yet been zoned by the city.[1] A majority of the members of the commission object to the business being located within the city limits due to the potential hazards associated with radiation. The city commission, therefore, wishes to inquire whether the city may, by zoning, prohibit the use of land for an irradiaton plant within the city.[2]
Chapter 404, F.S., is known as the "Florida Radiation Protection Act."[3] "Radioactive material" is defined for purposes of the act as "any solid, liquid, or gas which emits ionizing radiation spontaneously; however, this definition does not include radio-active wastes regulated pursuant to the hazardous waste manage-ment sections of the federal Resource Conservation and Recovery Act of 1976 or the Department of Environmental Regulation's assumption of that program."[4]
The Department of Health and Rehabilitative Services (department) has been granted certain responsibilities under Ch. 404, F.S., and is designated as the state agency authorized to administer a statewide protection program consistent with the provisions of that chapter.[5] I have been advised by the department that it considers Cobalt 60 to be a radioactive material as defined in Ch.404, F.S.
An examination of Ch. 404, F.S., indicates that the chapter constitutes a state preemption of the regulation of the storage, use and transportation of radioactive materials. Section 404.166, F.S., provides:
Notwithstanding any special law or general law of local application to the contrary, a municipality or county may not elect to regulate the possession, use, or transportation of sources of radiation.
Pursuant to s. 404.141, F.S., it is unlawful for any person to use, manufacture, produce, transport, transfer, receive, acquire, own, or possess any source of radiation unless licensed, registered, or exempted by the Department of Health and Rehabilitative Services in accordance with the provisions of Ch.404, F.S., and the rules adopted thereunder.
Municipalities, thus, are expressly prohibited from regulating the possession, use or transportation of sources of radiation.
It is clear that municipalities may zone land to pursue a number of legitimate objectives related to the health, safety, morals, or general welfare of the community.[6] However, s. 404.166, F.S., with its clear prohibition against municipal regulation of the possession and transportation of sources of radiation, would appear to limit such authority to the extent that a municipality seeks to regulate the use of radioactive substances within the municipality by zoning. The use of a municipality's zoning power to ban businesses using such substances from locating or operating within its municipal boundaries would appear to constitute regulation of the use of such substances contrary to the provisions of s. 404.166, F.S.
Accordingly, I am of the opinion that a municipality may not use its zoning powers to prohibit or exclude businesses using radioactive materials within its municipal boundaries.[7]
This does not mean, however, that businesses using radioactive materials are immune from all zoning provisions within the municipality. On the contrary, zoning ordinances adopted in accordance with the comprehensive plan would appear to be applicable to such businesses provided the ordinances do not seek to ban such businesses from locating or operating within the municipality, or the municipality through the guise of zoning does not seek to regulate the use, possession or transportation of sources of radiation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 171.062(2), F.S., providing that if an area annexed was subject to a county land use plan and county zoning or subdivision regulations, said regulations shall remain in full force and effect until the area is rezoned by the municipality to comply with its comprehensive plan.
[2] You inquire about the authority of the municipality to zone a particular parcel of land. Such a zoning decision involves mixed questions of law and fact as well as policy decisions which this office cannot make on behalf of the city. Whether a zoning restriction on the use of property is reasonable and valid as applied to a particular property will depend largely on the facts and circumstances of the particular case, taking into consideration such factors as the size and physical characteristics of the land involved, the existing uses, the zoning of nearby property, and the effect of the permitted uses on the surrounding areas. See generally, 101A C.J.S. Zoning and Land Planning s. 55c.
[3] Section 404.011, F.S.
[4] See, e.g., s. 404.031(13), F.S. And see, s. 404.031(11) defining "Radiation" to mean "ionizing radiation"; and s.404.031(9), F.S., defining "Ionizing radiation" to mean "gamma rays and X rays, alpha and beta particles, high-speed electrons, protons, neutrons, and other nuclear particles, but not sound or radio waves or infrared, ultraviolet, or visible light."
[5] See, e.g., s. 404.042, F.S.
[6] See, Scurlock v. City of Lynn Haven, Florida, 858 F.2d 1521,1525 (11th Cir. 1988). And see, Gulf Eastern Development Corporation v. City of Fort Lauderdale, 354 So.2d 57 (Fla. 1978) (zoning is a legislative function which reposes ultimately in the governing authority of a municipality). The authority of a municipality, under certain conditions, to exclude certain types of activities from the municipaltiy has been upheld.
[7] See, 101A C.J.S. Zoning and Land Planning s. 55b (It has been held that some otherwise legitimate uses of property may be entirely excluded if there is a rational basis for exclusion; however, it is not a valid exercise of the zoning power to prohibit a legitimate use of property anywhere within the limits of the municipality unless such a regulation bears a substantial relationship to the public health, safety, morals and general welfare).