In an action for damages based solely on the fact that the defendants obtained an injunction against the plaintiff, the petition does not set forth a cause of action in the absence of an allegation that the petition for injunction did not fairly and honestly set forth the facts relied on. Short Company v. Spragins, Buck Company, 104 Ga. 628
(30 S.E. 810). The court did not err in sustaining the general and the third special demurrer and in dismissing the action.
Judgment affirmed. Sutton, C. J., and Parker, J.,concur.
 DECIDED OCTOBER 24, 1947.
J. C. Mason and L. L. Lee sued the Port Wentworth Corporation for damages, alleging in substance: that on November 21, 1942, the defendant leased to the United States Government certain lands for the purpose of erecting, maintaining and operating a housing project in national defense activities, with the right to *Page 845 
sublease; that the Government erected buildings and stores on said property and provided a place for the erection and operation of a moving picture house; that on January 18, 1943, the United States Government leased the project to the Housing Authority of Savannah to maintain and operate, transferring all rights contained in the lease from the defendant to the Government; that on or about January 5, 1944, the Housing Authority of Savannah leased certain premises, a part of those covered by the aforesaid leases, to the plaintiffs for the purpose of operating an open air motion picture theatre; that while the negotiations for the lease were pending the defendant knew thereof and expressed a hope that the plaintiffs would conclude arrangements with the Housing Authority of Savannah for a lease of the premises; that at the time of the lease the defendant was fully aware of the purposes of the plaintiffs and that while the plaintiffs were in the act of construction and work erecting a theatre, servants and employees of the defendants were present and watched construction of it and at no time raised any objection that the Government or the Housing Authority did not have permission to execute the lease to the plaintiffs; that the plaintiffs spent approximately $8000 on said theatre and that on the day the plaintiffs intended to begin operation of the theatre the defendant "brought petitioners to Superior Court to enjoin your petitioners and denied them the right to operate said business, causing them to lose their investment therein." A general demurrer and the following special demurrer were filed: "1. Plaintiffs fail to attach to their petition a copy of the lease from the United States Government to the Housing Authority of Savannah, as mentioned in paragraph 3 of the petition. 2. Plaintiffs fail to attach to their petition a copy of the lease from the Housing Authority of Savannah to petitioners, as mentioned in paragraph 4 of the petition. 3. Defendant demurs specially to paragraph 6 of plaintiffs' petition on the ground that the allegations therein are vague, indefinite and uncertain, in that it is not alleged in said paragraph how long plaintiffs were enjoined from operating said business." The court sustained the demurrers and dismissed the action, and the plaintiffs excepted.