37878. GOODYEAR v. TRUST COMPANY BANK et al.

HILL, Presiding Justice.

The issue presented here is whether Code Ann. § 81A-125 (c) authorizes a party, after he has conveyed the property, to continue seeking a declaratory judgment that certain easements exist for the benefit of that property and an injunction prohibiting interference with those easements. Because the facts were fully stated in the first appearance of this case, *Goodyear v. Trust Co. Bank,* 247 Ga. 281 (276 SE2d 30) (1981), they will be only briefly repeated here.

The case arose when Goodyear filed a complaint against twelve defendants seeking declaratory and injunctive relief and damages on

---

the grounds that the defendants' participation in the construction of seawalls as erosion control structures along the beach of Sea Island, Georgia, interfered with his rights as a Sea Island property owner to recreational easements as well as easements of ingress and egress to the beach. The trial court denied relief, ruling that the claimed easements did not exist and, if they did exist, the seawalls did not unreasonably interfere with recreational or access rights to the beach.

On appeal to this court, it was suggested by the defendants that subsequent to filing the suit Goodyear had conveyed his Sea Island property. We remanded the case to the trial court for a determination of whether Goodyear had in fact transferred the property, stating: "If Goodyear no longer owns land on Sea Island, all his claims for injunctive relief and declaratory judgment based upon his status as a landowner would now be moot." *Goodyear v. Trust Co. Bank,* supra, 247 Ga. at 284.[1] On remand, the trial court found that Goodyear had conveyed the property to Charles Tittle by a deed dated October 17, 1980, recorded April 6, 1981, and, accordingly, granted summary judgment to the defendants.

Goodyear does not dispute the trial court's finding that he has conveyed his Sea Island property but contends that he is authorized to continue the action by Code Ann. § 81A-125 (c) (C.P.A. § 25 (c)), which provides: "In case of any transfer of interest the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Code Ann. § 81A-125 (c). We do not agree that this section authorizes continuation of the action. ". . . Rule 25 does not determine what actions shall survive the . . . transfer of interest by a party; it deals only with the mechanics of substitution in an action which *does* survive under the applicable substantive law." 3B Moore's Federal Practice ¶¶ 25.04[3] (1980).[2] As stated in the prior decision of this case, Goodyear's action does not survive his transfer of interest under the applicable substantive law of Georgia.

In light of the foregoing, Goodyear's remaining enumeration of error dealing with the merits of his claims need not be considered.

---

[1] We did address Goodyear's claim for damages and his claims based upon his status as a private citizen because they were not dependent upon his being a Sea Island property owner and affirmed the trial court's denial of relief on both issues.

[2] This is in accord with the general proposition that the Civil Practice Act governs procedure in civil cases but does not alter the substantive law. See Code Ann. § 81A-101.

*Judgment affirmed. All the Justices concur, except Marshall, J., disqualified and Weltner, J., not participating.*

DECIDED NOVEMBER 4, 1981.

*Moreton Rolleston, Jr.,* for appellant.
*Charles H. Tisdale, Jr., Michael J. Bowers, Attorney General, Patricia T. Barmeyer, Assistant Attorney General, James S. Stokes IV, Tom Whelchel, James B. Gilbert, Jr., Tom Benedict, W. Colquitt Carter,* for appellees.