39280. POWERS FERRY CIVIC ASSOCIATION et al. v. LIFE INSURANCE COMPANY OF GEORGIA et al.

MARSHALL, Presiding Justice.

This is a suit by two civic associations and two individual property owners to enjoin the Fulton County Board of Commissioners'

rezoning of a tract of land in north Fulton County.

The subject property is approximately 100 acres purchased by defendant Life Insurance Company of Georgia in February of 1981. The tract is bordered by, among other things, I-285, Powers Ferry Road, and a commercial and office development known as Powers Ferry Landing. On October 6, 1981, Life of Georgia filed three rezoning petitions, seeking rezoning of various portions of the property from R-1 to R-2, R-2a, and O-I. Also filed was a petition seeking a special use permit authorizing a variance in height limitations for the office buildings.

On November 17, the Fulton County Planning Commission recommended approval of the special use permit and the O-I and R-2a rezoning petitions. The planning commission recommended denial of the R-2 rezoning petition.

As advertised in the official organ of Fulton County, the county commission held a public hearing on December 2, at which these rezoning and variance petitions were considered. Representatives of Life of Georgia and the civic associations were present. However, the commission voted to postpone acting on the Life of Georgia petitions until not later than January 6, 1982. At a special meeting of the county commission held on January 6, the commission voted to grant Life of Georgia's O-I and R-2a rezoning petitions and the special use permit, but not the R-2 petition.

The plaintiffs filed the present suit on February 4. They advance a plethora of reasons as to why the county commission erred in granting Life of Georgia's petitions. They argue, among other things, that the rezoning of the property will result in increased flooding of nearby property, as well as increased traffic congestion and diminution in property values. They also argue that development of the property will destroy its character as an historical and archeological site, as well as a natural habitat for various forms of flora and fauna. In addition, they complain that they were not given notice of the January 6 commission meeting.

The superior court ruled that the plaintiffs have failed to establish special damages, which is required before neighbors of rezoned property acquire standing to attack the rezoning on the merits in court. *Lindsey Creek &c. Assn. v. Consolidated Govt. of Columbus,* 249 Ga. 488 (292 SE2d 61) (1982) and cits. The plaintiffs appeal, arguing that they have established special damages and that, in voting on the rezoning petitions, the county commission did not accord the plaintiffs their right to notice and opportunity to be heard.

1. "Civic associations and subdivision clubs do not have standing to enjoin rezoning unless they own property affected by the rezoning, or unless they are joined by individual plaintiffs who have

standing to do so." (Fn. omitted.) *Lindsey Creek,* 249 Ga., supra, at p. 490.

The civic associations here do not own property affected by the rezoning, and the evidence fully authorized the trial judge in finding that those plaintiffs who do own property have not shown the special damages necessary to give them standing to attack the rezoning decision on the merits. See *Lindsey Creek,* supra, and cits.

The plaintiffs specifically complain of the accumulation of trash and debris on the subject property, but this is not a consequence of the rezoning. The plaintiffs also specifically complain of the increased possibility of flooding caused by the proposed development; however, the rezoning is subject to various conditions, including the submission of plans for water retention.

2. As argued by the plaintiffs, "the standing of neighbors to enjoin rezoning granted a property owner" and "the standing of neighbors to be heard by a governing authority when considering a proposed zoning change" are two separate and distinct things. Id. at p. 490.

However, here proper notice was given of the county commission's December 2 meeting at which Life of Georgia's rezoning and variance petitions were initially considered, and the commission's withholding of final action on the rezoning petitions until the January 6 meeting was authorized by Ga. L. 1968, pp. 3769, 3770, § 9. See *F. P. Plaza, Inc. v. Waite,* 230 Ga. 161 (196 SE2d 141) (1973); cert. den. 414 U. S. 825 (1973); cf. *South Jonesboro Civic Assn. v. Thornton,* 248 Ga. 65 (281 SE2d 507) (1981); *Toomey v. Norwood Realty Co.,* 211 Ga. 814 (89 SE2d 265) (1955). Therefore, we hold that the plaintiffs' right of notice and opportunity to be heard has not been violated.

Having determined that the county accorded the plaintiffs their right to notice and opportunity to be heard when considering the proposed zoning change, and having further determined that the plaintiffs have not shown the special damages necessary to give them standing to contest the rezoning on the merits, we affirm the judgment from which this appeal has been taken.

*Judgment affirmed. All the Justices concur, except Gregory, J., who is disqualified.*

.Decided December 1, 1982 —
Rehearing denied December 14, 1982.

*Winford Kent Bishop,* for appellants.
*Franklin N. Biggins, Charles M. Shaffer, Jr., Mark B. Riley,*

for appellees.