A91A0823. PRESERVATION ALLIANCE OF SAVANNAH, INC. v. NORFOLK SOUTHERN CORPORATION et al.
(413 SE2d 519)

Judge Arnold Shulman.

The appellant, Preservation Alliance of Savannah, Inc., is a nonprofit corporation formed for the purpose of preserving and encouraging the development of historic sites. It filed the present action in the Superior Court of Chatham County against Norfolk Southern Corporation (subsequently replaced as a defendant by Central of Georgia Railroad Company, hereafter referred to as "the railroad"), W. E. Hamby and Associates ("Hamby"), Richard Gilpin, Jr., and the Mayor and Aldermen of the City of Savannah, seeking to enjoin Hamby from demolishing two dilapidated pre-Civil War warehouses located on property owned by the railroad. Hamby had obtained an option to purchase the property, and assisted by architect Richard Gilpin, Jr., it proposed to construct an office building and parking deck on the site. The appellant additionally sought a declaratory judgment to the effect that the appellees had not complied with certain provisions of the Savannah City Code pertaining to the demolition of historic properties.

The warehouses in question, together with certain other facilities owned by the railroad, had been designated a National Historic Landmark in 1978. Consequently, Hamby was required to apply to the Savannah Historic Board of Review for a "certificate of appropriateness" as a prerequisite to demolishing historic structures. It did so, and based on the recommendation of the City's Preservation Officer, the Board voted unanimously to deny the certificate, whereupon Hamby appealed to the Zoning Board of Appeals, which upheld the denial. Hamby then applied for a demolition permit pursuant to City

of Savannah Code Section 8-3029 (k) (2), entitled "Demolition of Historic Structures," which provides in pertinent part, as follows: "[W]henever a property owner shows a structure classified as historic is incapable of earning an economic return on its value, as determined by a qualified appraiser, and the [Historic Board of Review] fails to approve the issuance of a Certificate of Appropriateness, such structure may be demolished; however, before a demolition permit is issued, notice of the proposed demolition shall be given for twelve months."

In support of its application for the demolition permit, Hamby submitted the opinion of a real estate appraiser to the effect that the warehouses contributed no value to the land as they currently existed, that their restoration was not economically feasible, and that the highest and best use of the land could not be achieved without their demolition. Approximately two months after Hamby filed its application, the appellant filed its complaint in this case. The trial court granted the appellees' motion to dismiss the complaint, concluding that the appellant did not have standing to challenge the application under the United States Supreme Court's decision in *Hunt v. Wash. State Apple Advertising Comm.*, 432 U. S. 333 (97 SC 2434, 53 LE2d 383) (1977), as adopted by the Georgia Supreme Court in *Aldridge v. Ga. Hospitality &c. Assn.*, 251 Ga. 234 (1) (304 SE2d 708) (1983), and that it also lacked standing under the Georgia Supreme Court's decisions in *Lindsey Creek &c. Assn. v. Consolidated Govt. of Columbus*, 249 Ga. 488 (292 SE2d 61) (1982), and *Powers Ferry Civic Assn. v. Life Ins. Co. of Ga.*, 250 Ga. 419 (297 SE2d 477) (1982). This appeal followed.

In order to challenge a statute or an administrative action taken pursuant to a statute, the plaintiff must normally show that it has interests or rights which are or will be affected by the statute or the action. See *Davis v. Jackson*, 239 Ga. 262 (236 SE2d 613) (1977); *West v. Housing Auth. of Atlanta*, 211 Ga. 133 (84 SE2d 30) (1954). In zoning cases, it has been held that the plaintiff must establish that he has a valuable interest in property affected by the decision complained of and that he will suffer some special damage as a result thereof which is not common to property owners similarly situated. *Victoria Corp. v. Atlanta Merchandise Mart*, 101 Ga. App. 163 (112 SE2d 793) (1960). The Georgia Supreme Court has referred to this as the "substantial interest-aggrieved citizen" test. *Brock v. Hall County*, 239 Ga. 160 (236 SE2d 90) (1977). Where a civic association seeks to contest a zoning decision, the Supreme Court has held that it must "own property affected by the rezoning, or [be] joined by individual plaintiffs who have standing to do so." *Lindsey Creek &c. Assn. v. Consolidated Govt. of Columbus*, supra, 249 Ga. at 490. Although the present case does not involve a rezoning decision as such,

it does unquestionably involve a zoning matter, specifically, Hamby's right to obtain a demolition permit pursuant to the city's zoning ordinance.

The appellant, which is in essence a civic association, concedes that it does not own property which would be affected by the demolition. It has not been joined in this suit by any other plaintiff which owns such property and otherwise satisfies the "substantial interest-aggrieved citizen" test. See *Brock v. Hall County*, supra. Under the holdings in *Lindsey Creek &c. Assn. v. Consolidated Govt. of Columbus*, supra, and *Powers Ferry Civic Assn. v. Life Ins. Co. of Ga.*, supra, we must accordingly conclude that it is without standing to seek injunctive relief in the present action. We are not persuaded by the appellant's argument that it has standing under *Aldridge v. Ga. Hospitality &c. Assn.*, supra, due to the fact that at least one of its members, The Savannah College of Art and Design ("SCAD"), owns property adjacent to the subject warehouses. *Aldridge* involved a trade association which sought declaratory and injunctive relief against the DeKalb County Board of Health on behalf of its members. After acknowledging the absence of Georgia cases addressing the issue of associational standing, the Supreme Court turned to federal precedent and adopted the test set forth in *Hunt v. Wash. State Apple Advertising Comm.*, supra, as follows: " '(A)n association has standing to bring suit on behalf of its members when: (a) Its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.' " *Aldridge v. Ga. Hospitality &c. Assn.*, supra, 251 Ga. at 236. Pretermitting whether the appellant could be said to meet this test based on the alleged property interests of only one of its members, we hold that since this case involves the enforcement of a zoning ordinance, the appellant's standing to sue is governed by the requirements of *Lindsey Creek*, supra, and *Powers Ferry*, supra. Cf. *Aldridge*, supra at 236, n. 1. Accordingly, for the reasons above stated, we hold that its complaint was properly dismissed for lack of standing.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1991.

*Inglesby, Falligant, Horne, Courington & Nash, Kathleen Horne, Elsie R. Chisholm*, for appellant.

*Hunter, Maclean, Exley & Dunn, Darrin L. McCullough, Karsman, Brooks & Callaway, Stanley E. Harris, Jr., Wiseman, Blackburn & Futrell, James B. Blackburn, Miller, Simpson &*

*Tatum, John B. Miller, Robert A. Lewallen, Jr.,* for appellees.