S93A0617. GEORGIA CANOEING ASSOCIATION et al. v. HENRY.

(428 SE2d 336)

CARLEY, Justice.

The facts, insofar as they are relevant to the resolution of the instant appeal, are as follows: Contending that appellee-defendant had obstructed and interfered with their passage along Armuchee Creek, appellant-plaintiffs filed a complaint seeking injunctive relief. Appellee answered and also counterclaimed for injunctive relief as to appellants' passage along the creek. The trial court granted appellee an interlocutory injunction and, on appeal, this court affirmed without opinion pursuant to Rule 59. *Georgia Canoeing Assn. v. Henry,* 261 Ga. XXIX (1992). Thereafter, appellee moved for summary judgment as to his entitlement to a permanent injunction. The trial court granted summary judgment in favor of appellee and appellants appeal.

Summary judgment is to be granted *only* if "there is no genuine issue as to any material fact. . . ." OCGA § 9-11-56 (c). In the instant case, genuine issues of material fact *do* remain. They are the *same* genuine issues of material fact which were considered by the trial court in granting the interlocutory injunction. The trial court was authorized to resolve those issues *only* for the purpose of its ruling on the interlocutory injunction. *Carter v. Puckett,* 237 Ga. 494 (228 SE2d 878) (1976).

> "A trial court can grant an interlocutory injunction to preserve the status quo but cannot make a final determination of the issues at the interlocutory hearing unless there is a consolidated hearing as authorized by [OCGA § 9-11-65 (a) (2)]. [Cit.]" [Cit.] In this case, the [trial] court did not order the hearing on the interlocutory injunction consolidated with the trial of the action on the permanent injunction.

*Fayette County v. Seagraves,* 245 Ga. 196, 198 (2) (264 SE2d 13) (1980).

After the affirmance of the grant of the interlocutory injunction, appellee could have awaited the bench trial as to his entitlement to permanent injunctive relief. In such a bench trial, the trial court could have considered the evidence which was heard in connection

with the interlocutory injunction and any additional evidence which appellee and appellants wished to present. OCGA § 9-11-65 (a) (2).

> Equitable matters proceed almost invariably without the intervention of the jury, and trial courts are empowered to make findings of fact, which will not be disturbed on appeal absent a total want of supporting evidence.

*Beaulieu of America v. L. T. Dennard & Co.,* 253 Ga. 21, 22 (2) (315 SE2d 889) (1984).

Appellee did not, however, await the bench trial. He moved for summary judgment. On summary judgment, a trial court is not authorized to resolve disputed issues of material fact. A trial court is authorized only to determine whether disputed issues of material fact remain. If, and only if, no disputed issue of material fact remains is the trial court authorized to grant summary judgment. Since, in the instant case, disputed issues of material fact do remain, it follows that the trial court erred in granting appellee's motion for summary judgment. "[A] trial court's grant of summary judgment will not be sustained if there is *any* genuine issue of material fact, however imbalanced it may appear." (Emphasis in original.) *Beaulieu of America v. L. T. Dennard & Co.,* supra at 22 (2).

> Since issues of fact remain, summary judgment is inappropriate, and the trial court's ruling must be reversed. Had the trial court consolidated the hearing on the [interlocutory] injunction and the trial on the merits and made a ruling . thereon, as provided in OCGA § 9-11-65 (a) (2) [cits.], this appeal could have proceeded on the merits. As it now stands, the trial court must hold another hearing to consider additional evidence, although it need not rehear that already presented [in connection with the interlocutory injunction]. [Cits.] *King v. Ingram,* 250 Ga. 887, 888 (302 SE2d 105) (1983).
>
> "In suits for injunction . . . counsel should consider not making motions for summary judgment, where the finding of a genuine issue of material fact following a time consuming appeal necessitates a trial. Because such suits are tried nonjury, time and expense can be saved by letting the trial court conduct the trial. . . . On appeal from a trial granting or denying an injunction . . . the issue is whether there is any evidence to support the trial judge's decision. On the other hand, on appeal from the grant or denial of a motion for summary judgment, the issue is whether there is any genuine issue of fact. These differences in the issues on appeal make

a significant difference in the way an appeal is decided."

*King v. Ingram*, supra at 888. Accordingly,

> [w]e take this occasion to call to the attention of bench and bar a situation which seems to us to occur with frequency, of which this case is example. Modern practice relies heavily upon summary judgment proceedings, in equitable matters as well as others. And while summary judgment may be a prompt, inexpensive, and fair means of resolving many controversies at law, it can become otherwise in cases in equity.

*Beaulieu of America v. L. T. Dennard & Co.*, supra at 22 (2). *Judgment reversed. All the Justices concur.*

DECIDED APRIL 19, 1993.

*Cook & Palmour, Bobby Lee Cook, Paul, Hastings, Janofsky & Walker, Craig K. Pendergrast, Groover & Childs, Denmark Groover, Jr.,* for appellants.
*Farrar & Farrar, Archibald A. Farrar,* for appellee.
*Michael J. Bowers, Attorney General, Robert S. Bomar, Senior Assistant Attorney General,* amicus curiae.