S95A0086, S95A0087. SNEAKERS OF COBB COUNTY et al.
v. COBB COUNTY (two cases).
(455 SE2d 834)

CARLEY, Justice.

Both appellee Cobb County and appellants filed petitions seeking injunctive relief as to appellants' operation of a nude dancing club in violation of the County's Adult Entertainment Ordinance, § 3-7-164 et seq., and the similar Zoning Ordinance, Standards for Adult Entertainment Establishments, § 3-28-16.2 et seq. Subsequently, the trial court granted the County's request for interlocutory injunction and denied appellants' request, and this court affirmed without opinion. *Sneakers of Cobb County v. Cobb County*, 262 Ga. XXX (1992). Thereafter, a bench trial was held on the issue of the constitutionality of the ordinances. Finding the ordinances to be constitutional, the trial court granted the County a permanent injunction and denied appellants' request for injunction and damages. Appellants' motion for new trial was denied, and they appeal.

1. The County contends that the principle of the law of the case precludes consideration of appellants' enumerated errors. However, in granting or denying an interlocutory injunction, a trial court cannot make a final determination of the issues unless the interlocutory hearing is consolidated with the trial of the action on the permanent injunction as authorized by OCGA § 9-11-65 (a) (2). See *Ga. Canoeing Assn. v. Henry*, 263 Ga. 77 (428 SE2d 336) (1993). Thus, the grant or denial of an interlocutory injunction, as well as the affirmance thereof by this Court without opinion, does not establish the law of the case for the trial on the merits.

2. The County also contends that appellants lost standing to seek an injunction when they were dispossessed prior to trial.

In order to challenge a zoning ordinance or action taken pursuant thereto by petition for injunction or otherwise, the plaintiff must establish that he has a valuable interest in the property and that he will suffer some special damage which is not common to property owners

similarly situated. *Tate v. Stephens*, 245 Ga. 519 (265 SE2d 811) (1980); *Preservation Alliance of Savannah v. Norfolk Southern Corp.*, 202 Ga. App. 116, 117 (413 SE2d 519) (1991). "Although the present case does not involve a rezoning decision as such, it does unquestionably involve a zoning matter. . . ." *Preservation Alliance*, supra at 117-118. Because appellants were dispossessed from the property which was affected by the zoning ordinance, we must conclude that they lost standing to seek and obtain injunctive relief from enforcement of the zoning ordinance. See *Preservation Alliance*, supra at 118. Furthermore, because appellants are no longer in possession of the property affected by the ordinances, all claims for injunctive relief are now moot. See *Goodyear v. Trust Co. Bank*, 247 Ga. 281, 284 (1) (276 SE2d 30) (1981), after remand, 248 Ga. 407, 408 (284 SE2d 6) (1981).

3. The County further contends that appellants are not entitled to seek monetary damages.

In the absence of a cause of action for abusive litigation, a party is not liable in tort for seeking injunctive relief. OCGA § 51-7-85; *Mason v. Port Wentworth Corp.*, 75 Ga. App. 844 (44 SE2d 808) (1947). See *Short & Co. v. Spragins, Buck & Co.*, 104 Ga. 628 (30 SE 810) (1898); *Vickers v. Jones*, 200 Ga. 338, 349 (3) (37 SE2d 205) (1946). Appellants have neither alleged nor proved the elements of abusive litigation. OCGA § 51-7-81 (2). Nor could they have done so in the instant action. OCGA § 51-7-84. Moreover, appellants could not have been damaged by the grant of the permanent injunction because they had previously been dispossessed. And the grant of the interlocutory injunction was affirmed by this court and, therefore, was not wrongful. Accordingly, appellants cannot recover damages in this case.

*Judgments affirmed. All the Justices concur, except Fletcher and Hunstein, JJ., who concur specially.*

FLETCHER, Justice, concurring specially.

Based on the merits of the appeal, I agree that the trial court's order should be affirmed.

Cobb County's adult entertainment ordinances, if interpreted narrowly in light of *Gravely v. Bacon*, 263 Ga. 203, 206-207 (429 SE2d 663) (1993), are not unconstitutionally overbroad or vague. Furthermore, Cobb County's zoning ordinances relating to adult entertainment businesses, as originally enacted and as amended, provide "reasonable alternative avenues of communication" and therefore, are reasonable "time, place and manner" regulations. See *City of Renton v. Playtime Theatres*, 475 U. S. 41, 50 (106 SC 925, 89 LE2d 29) (1986). Because the ordinances were valid and Sneakers' business was clearly in violation of the zoning ordinances, the trial court properly granted Cobb County's motions for interlocutory and permanent in-

junction. Additionally, Sneakers cannot be entitled to damages where the issuance of the injunction was not wrongful.

I cannot agree with the majority's rationale in Division 3, because I do not believe that a party who is wrongfully enjoined should be restricted to a proceeding under OCGA § 51-7-81 to recover its actual damages.

I am authorized to state that Justice Hunstein joins in this special concurrence.

DECIDED APRIL 17, 1995 —
RECONSIDERATION DENIED MAY 19, 1995.

*Richard E. Thomasson,* for appellants.
*Edwards, Friedewald & Grayson, James W. Friedewald, Arnall, Golden & Gregory, Karen B. Bragman,* for appellee.