S96A1594. GEORGIA CANOEING ASSOCIATION et al. v. HENRY.
(482 SE2d 298)

SEARS, Justice.

This appeal concerns a dispute between the appellants — the Georgia Canoeing Association and Benny Young (hereinafter collectively referred to as "GCA") — and the appellee, Ralph Henry, regarding whether there is a public right of passage over Armuchee Creek where it flows through Henry's property. GCA brought this action, seeking to temporarily and permanently enjoin Henry from stopping their free passage through his property on the creek. Henry, on the other hand, requested that GCA be permanently enjoined from traveling in boats and canoes through his property. After a hearing on the question of permanent injunctive relief,[1] the trial court entered an order, concluding that Armuchee Creek was not a navigable stream within the meaning of relevant definitions under the federal law, the common law, or Georgia statutes. The trial court also ruled that the public had not acquired a right of passage by prescription. The trial court therefore permanently restrained GCA from traveling on Armuchee Creek where it passes through Henry's property. GCA has filed this appeal.

After a careful review of the record and relevant law, we affirm. First, the evidence supports a finding that Armuchee Creek, where it passes through Henry's property, is not susceptible of carrying useful commerce between states in its natural and ordinary condition and is

---

[1] This is the third time this case has been before the court. In its first appearance, this Court affirmed, pursuant to Rule 59, the trial court's grant of an interlocutory injunction in favor of Henry. *Ga. Canoeing Assn. v. Henry* (S91A1443), 261 Ga. XXIX (1991). Following that appeal, the trial court granted summary judgment to Henry on his request for a permanent injunction. On appeal, this Court reversed the grant of summary judgment, ruling that although the trial court resolved issues of fact for purposes of the interlocutory injunction, the trial court was authorized to resolve them only for that purpose and not for purposes of Henry's request for a permanent injunction. *Ga. Canoeing Assn. v. Henry,* 263 Ga. 77 (428 SE2d 336) (1993). On remand, the trial court held a hearing on the parties' requests for permanent injunctive relief, and entered a detailed order granting Henry's request for a permanent injunction.

thus not a navigable stream within the meaning of federal law.[2] Moreover, without deciding whether the definition of navigability set forth in OCGA § 44-8-5 (a),[3] by its express terms or by necessary implication, effected a change in the common law definition of navigability,[4] we conclude that the record supports a determination that the portion of Armuchee Creek at issue in this case is not a navigable stream under § 44-8-5 (a) or the common law.[5] Finally, we conclude that the public has not acquired a right of passage on Armuchee Creek either by prescription or under Section 17 of Ga. L. 1830, p. 127. For the foregoing reasons, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 1997 —
RECONSIDERATION DENIED APRIL 4, 1997.

*Cook & Connelly, Bobby Lee Cook, Todd M. Johnson, Paul, Hastings, Janofsky & Walker, John J. Neely III, Craig K. Pendergrast,* for appellants.

*Farrar & Farrar, Archibald A. Farrar, Jr.,* for appellee.

*Robert S. Bomar, Senior Assistant Attorney General, Groover & Childs, Denmark Groover, Jr., Frank H. Childs, Jr., Walker, Hulbert, Gray & Byrd, Lawrence C. Walker, Michael G. Gray,* amici curiae.

---

[2] *North Dakota v. United States,* 972 F2d 235, 238 (8th Cir. 1992); *United States v. Holt State Bank,* 270 U. S. 49, 54-56 (46 SC 197, 70 LE 465) (1926); *Leovy v. United States,* 177 U. S. 621, 632-634 (20 SC 797, 44 LE 914) (1900); 78 AmJur2d 513, Waters, § 69.

[3] That Code section defines a "navigable stream" as "a stream which is capable of transporting boats loaded with freight in the regular course of trade either for the whole or a part of the year. The mere rafting of timber or the transporting of wood in small boats shall not make a stream navigable."

[4] " '(S)tatutes are not understood to effect a change in the common law beyond that which is clearly indicated by express terms or by necessary implication.' " *Avnet, Inc. v. Wyle Labs,* 263 Ga. 615, 620 (437 SE2d 302) (1993). Professor Farnham of Yale Law School has written that Georgia and several other states have adopted navigability statutes that are "limitations of the common law rule." 1 Farnham, Water and Water Rights, § 23g (1904).

[5] See 1 Farnham at § 23.