S98A0229. DeKALB COUNTY et al. v. DRUID HILLS CIVIC ASSOCIATION.
S98A0343. NASH et al. v. DRUID HILLS CIVIC ASSOCIATION.
(502 SE2d 719)

BENHAM, Chief Justice.

Displeased with the DeKalb County Board of Commissioners' tie vote on an appeal from a decision of the zoning board, the Druid Hills Civic Association (hereinafter "Civic Association") filed a mandamus action seeking a writ compelling the Board of Commissioners to act on the appeal. The trial court granted the relief sought and DeKalb County and the parties involved in the zoning matter filed applications for discretionary appeal to this Court as is required in all zoning matters. *Trend Development Corp. v. Douglas County,* 259 Ga. 425 (383 SE2d 123) (1989). We granted the applications and requested the parties to address two questions: 1) Does the Civic Association have standing to bring the action below?; 2) If the Civic Association has standing, was the writ of mandamus properly granted? Because we answer the first question in the negative, and that answer is dispositive of the matter before the trial court, we need not address the second question.

Civic associations do not have standing to file suit to challenge zoning decisions. *Lindsey Creek Area Civic Assn. v. Consolidated Government,* 249 Ga. 488 (292 SE2d 61) (1982); *Powers Ferry Civic Assn. v. Life Ins. Co. of Ga.,* 250 Ga. 419 (297 SE2d 477) (1982); *Preservation Alliance of Savannah v. Norfolk Southern Corp.,* 202 Ga. App. 116 (413 SE2d 519) (1991) ("Where a civic association seeks to contest a zoning decision, . . . it must 'own property affected by the rezoning, or (be) joined by individual plaintiffs who have standing to do so.' [Cit.]"). That the remedy sought in this case was mandamus does not relax the standing requirement:

Zoning ordinances and determinations do not confer a public right to the extent that they can be attacked by anyone interested in having the laws executed and the duty in ques-

tion enforced. A party must have a special interest in order to enforce or attack a zoning determination. . . . To rule otherwise would bestow a procedural advantage upon remote parties as opposed to those who are directly affected. This is true because remote parties could proceed directly to court by means of mandamus or injunction while parties with special damage would be required to exhaust administrative remedies.

*Tate v. Stephens*, 245 Ga. 519, 521 (265 SE2d 811) (1980).

Because the Civic Association lacked standing to seek a writ of mandamus, the trial court's issuance of the writ was error and must be reversed with direction that the action for mandamus be dismissed.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., who dissents.*

FLETCHER, Presiding Justice, dissenting.

Because the majority opinion fails to distinguish between standing to seek a final decision in the administrative proceeding and standing to challenge the merits of that administrative decision in superior court, I dissent.

DECIDED JULY 13, 1998 —
RECONSIDERATION DENIED JULY 30, 1998.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Jonathan A. Weintraub, Joan F. Roach, Bernard Knight,* for appellants.
*Susan M. Garrett,* for appellee.