A02A0702. GARDEN HILLS CIVIC ASSOCIATION, INC. et al.
v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY
et al.
(568 SE2d 586)

RUFFIN, Judge.

Garden Hills Civic Association, Inc. and six homeowners (collectively the appellants) sued Metropolitan Atlanta Rapid Transit Authority (MARTA), the City of Atlanta, and Norman Koplon (collectively the defendants), alleging that the rezoning of approximately forty-seven acres in Atlanta was illegal and unconstitutional. Following a bench trial, the court found that the appellants lacked standing to bring the zoning claims. The trial court further concluded that, even if the appellants had standing, there was no legal basis for reversing the zoning decision. This appeal ensued, and, for reasons that follow, we affirm.

1. The trial court concluded that the appellants lacked standing, finding that Elizabeth McMullen — the only homeowner to testify at trial — failed to demonstrate that she sustained special damages as a result of the zoning decision. With respect to the Garden Hills Civic Association, the trial court concluded that the association lacked independent standing to file suit because it did not own property affected by the rezoning.[1]

In *DeKalb County v. Wapensky*,[2] the Supreme Court set forth the two-part test for standing in challenges to rezoning cases. First, the aggrieved party "must have a substantial interest in the zoning decision, and second, . . . this interest [must] be in danger of suffering some special damage or injury not common to all property owners similarly situated."[3] In other words, the complaining party must actually be harmed by the change in zoning. Here, the record does not support the appellants' contention that they were so harmed.

The record shows that the rezoned property was being developed for a mixture of uses, including "office, housing and retail." According to McMullen, who owns a house in close proximity to the rezoned

---

[1] See *DeKalb County v. Druid Hills Civic Assn.*, 269 Ga. 619 (502 SE2d 719) (1998) ("a civic association seek[ing] to contest a zoning decision . . . must own property affected by the rezoning, or be joined by individual plaintiffs who have standing to do so") (punctuation omitted).

[2] 253 Ga. 47 (315 SE2d 873) (1984).

[3] Id. at 48 (1).

property, the new development would harm her interests by increasing the level of noise, light, traffic, crime, and pollution in the area. Michael Smith, a real estate appraiser, testified that the shadows cast from the buildings would diminish the value of McMullen's property. Smith also testified that the increased traffic, light, and noise would negatively impact property value.

Implicit in the appellants' argument is that the rezoning led to the development, which, in turn, diminished their property value. Appellants fail to acknowledge, however, that the defendants could have developed the property in the same manner under the existing zoning. Prior to the rezoning, the acreage was zoned a combination of the following: I-1, RG-6-C, RG-2, and C-3. Charles Kones, a developer on the project, testified that under the prior zoning, he could have developed 3.8 million square feet. Under the rezoning, however, he could develop only 2.8 million square feet. This is because the rezoning was more restrictive than the original zoning. Indeed, Kones testified that there was nothing in the contemplated development under the new zoning "that could not have been done somewhere on the tract as it was previously zoned." The only reason the developers sought to rezone the property "was to align residential uses against existing residential uses."[4]

Accordingly, the evidence shows that the appellants were subject to the same harm regardless of whether the property was rezoned. The trial court recognized this fact in its order, noting that the appellants failed to

> consider or take into [account] the previous . . . zoning of the property. . . . Under this [previous] zoning, MARTA could have developed more harmful uses than under the C-3-C rezoning. . . . Based upon these considerations, this Court concludes that it is unlikely that a change to a more restrictive zoning classification would result in a decrease in value of . . . McMullen's property.

The trial court then concluded that the appellants failed to demonstrate any special damages and, thus, lacked standing.

We agree with the trial court. Under the previous zoning, the defendants were free to develop the property in much the same way as they have done under the rezoning. The appellants' true complaint is not that the property was rezoned, but that it will be developed at all. However, such development is to be expected in a thriving urban

---

[4] The development's property located closest to McMullen's house was zoned for industrial development with no height restrictions on buildings.

community.[5] And the increase in inconveniences stemming from urban growth — such as increased traffic — is insufficient to confer standing.[6]

2. In light of our ruling in Division 1, the remaining enumerations of error are moot.

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

### DECIDED JULY 3, 2002.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert*, for appellants.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Powell, Goldstein, Frazer & Murphy, Carl E. Westmoreland, Jr., John W. Harbin, Simon H. Bloom, David D. Blum*, for appellees.

---

[5] See *Lindsey Creek Area Civic Assn. v. Consolidated Govt. of Columbus*, 249 Ga. 488, 491-492 (292 SE2d 61) (1982).

[6] See *Macon-Bibb County Planning &c. Comm. v. Vineville Neighborhood Assn.*, 218 Ga. App. 668, 670-671 (1) (462 SE2d 764) (1995).