## A07A0595. TAYLOR v. THOMAS.
(648 SE2d 426)

MILLER, Judge.

Denny L. Taylor filed a complaint against R. D. Thomas, Jr., Pierce County, the City of Waycross, the Department of Transportation of Georgia, and Sylvia S. Hurst, individually and as executrix of the estate of William Henry Hurst, Sr.[1] Taylor sought damages for breach of contract and injunctive relief preventing Thomas from interfering with his means of ingress and egress to his land. The trial court granted Taylor the temporary restraining order he requested, but following a hearing, later dissolved its TRO and denied Taylor's application for an interlocutory injunction. Thomas moved for summary judgment, which motion the trial court granted. Taylor appeals, contending (i) that the trial court erred in granting summary judgment for Thomas by relying on findings of fact made by the trial judge

---

[1] Although Taylor filed his original action against multiple defendants, Thomas was the only remaining defendant after summary judgment and dismissal for his co-defendants.

at the hearing on Taylor's request for an interlocutory injunction and (ii) that jury questions remain upon Taylor's claim for breach of contract. We agree and reverse.

Upon motion for summary judgment, it is the movant's burden to show that no jury question remains and that he is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). The movant may discharge such burden by reference to affidavits, depositions, and other documentary evidence in support of the nonmovant's case. Id. After the movant discharges his burden, the nonmovant cannot rest on his pleadings, but instead must come forward with evidence giving rise to a triable issue. OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the trial court's decision on motion for summary judgment de novo, "viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. [Cit.]" *Gilhuly v. Dockery*, 273 Ga. App. 418, 418-419 (615 SE2d 237) (2005).

So viewed, the evidence shows that Taylor operates a mobile home restoration business and a beauty salon on land he purchased from Thomas and Mr. Hurst. The land sale was contingent upon an agreement whereby Thomas and Mr. Hurst agreed to "designate a 60-foot strip of land adjacent to [such] property for the purpose of a city street or county road or whatever the case may be[ ]" to provide Taylor continuing access to his property via a dirt road running adjacent to the property that intersected with U. S. Highway 84 at the property's northeastern corner. Subsequently, Thomas deeded the 60-foot strip to Pierce County with no requirement that the land be used for a street or road. The County paved the road and relocated its intersection with U. S. Highway 84 to a point approximately 150 feet beyond the northeastern corner of Taylor's land. This denied Taylor direct access to his property from the highway and made the turn off the highway for mobile homes in tow more difficult.

1. Taylor argues that the trial court erred in granting Thomas' motion for summary judgment by relying upon factual findings made by the trial judge in support of his denial of Taylor's application for an interlocutory injunction. We agree.

> On summary judgment, a trial court is not authorized to resolve disputed issues of material fact. A trial court is authorized only to determine whether disputed issues of material fact remain. If, and only if, no disputed issue of material fact remains is the trial court authorized to grant summary judgment.

*Ga. Canoeing Assn. v. Henry*, 263 Ga. 77, 78 (428 SE2d 336) (1993). At its hearing on Taylor's request for an interlocutory injunction, the trial judge was authorized to make a final determination as to genuine issues of material fact only for the purpose of ruling on the interlocutory injunction, absent a hearing on the interlocutory injunction consolidated with the trial of the action on a permanent injunction. OCGA § 9-11-65 (a) (2); *Ga. Canoeing Assn.*, supra, 263 Ga. at 77. Here, however, there was no such consolidated hearing, and the trial court was not authorized to rely on a finding, made for purposes of ruling on the interlocutory injunction, that Thomas had fulfilled his contractual obligations to Taylor.

Given that the trial court thus relied on findings of fact that had been resolved only in the context of the ruling on the interlocutory injunction, and that issues of material fact plainly remain as to whether Thomas fulfilled his contractual obligations to designate land adjacent to Taylor's property for use as a city or county road, the grant of summary judgment for Thomas must be reversed.

2. In light of our disposition of Division 1, we need not consider Taylor's remaining claim of error, and his motion to file a supplemental brief is hereby dismissed as moot.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 20, 2007.

*Adam Ferrell*, for appellant.
*Thomas & Settle, Ronald B. Thomas*, for appellee.