**THIRD DIVISION**
**MILLER, P. J.,**
**ANDREWS, P.J., and DOYLE, P.J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 28, 2013**

# In the Court of Appeals of Georgia

A12A1694. HAMPTON ISLAND, LLC et al. v. ASSET HOLDING
COMPANY 5, LLC.

A12A1695. WALLACE v. ASSET HOLDING COMPANY 5, LLC.

A12A1696. MASON v. ASSET HOLDING COMPANY 5, LLC.

MILLER, Presiding Judge.

All three of these appeals arise from a suit originally brought by United Community Bank (UCB) to recover on two promissory notes executed by Hampton Island, LLC (the Borrower) and guaranties of all or portions of that indebtedness signed by Liberty Capital, LLC, Cumberland Creek Properties, Inc., Wayne Mason, James Wallace, Sr., and John A. Williams. The trial court granted UCB's motion to substitute Asset Holding Company 5, LLC (AHC5) as plaintiff based on the transfer of UCB's interest in the notes and guaranties to AHC5 denied the motions of the defendants/appellants to file a counterclaim based on the anti-tying statute (12 USC

§ 1972) and common law fraud; and granted AHC5's motion for summary judgment on the underlying claims. All three appeals involve common facts and argue similar enumerations of error. They are consolidated for our consideration.

The following facts are not disputed. On March 31, 2008, the Borrower signed two one-year promissory notes payable to UCB, one in the amount of $3,461,250 and one in the amount of $1,338,750. The notes were guaranteed in various amounts by the remaining appellants/defendants and both notes matured on March 31, 2009.

Following maturity of the 2008 notes, on May 27, 2009, the Borrower signed two new promissory notes payable to UCB in the same amounts. Both notes were guaranteed in various amounts by the remaining appellants/defendants and were to mature on November 27, 2010.

Suit was commenced by UCB against Borrower and guarantors on February 5, 2010, based on several alleged acts of default under the 2009 notes, including the failure to make required payments reducing the principal due and failure to maintain insurance and pay taxes.

## SUBSTITUTION OF PARTY

1. On September 29, 2010, UCB filed its Motion for Substitution of Party Plaintiff, which was granted by the trial court on January 12, 2011. In Case No.

A12A1694, in their first enumeration, Appellants Borrower and guarantors Liberty Capital, LLC, Cumberland Creek Properties, Inc, and John Williams contend this was error. In Case No. A12A1695, in his fourth enumeration, guarantor Wallace contends that AHC5, an outsider to the loan, "was not entitled to enforce the notes and guaranties when it stepped into the litigation." In Case No. A12A1696, guarantor Mason, in his first enumeration, argues that the trial court's grant of summary judgment to AHC5 was error because AHC5 is not the holder of the 2009 notes or the Mason guaranties. All of these appellants cite common authority and make similar arguments and they are considered together.

Borrowers and guarantors contend the trial court erred in granting UCB's motion to substitute. We disagree.

OCGA § 9-11-25 (c)[1] provides for the automatic continuation of an action where an interest in the subject of the action is transferred, as occurred here. However, this Court has determined that this statute "does not determine what actions shall survive the transfer of interest by a party; it deals only with the *mechanics of substitution* in an action which does survive under the applicable substantive law."

---

[1] "In case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

(Punctuation omitted and emphasis supplied.) *Goodyear v. Trust Co. Bank*, 248 Ga. 407, 408 (284 SE2d 6) (1981), quoting 3B Moore's Federal Practice 25.04[3] (1980).

"[W]hether a party should be added to a lawsuit lies within the discretion of the trial court, and that determination will not be disturbed on appeal absent a showing of abuse." (Footnote omitted.) *Deleo v. Mid-towne Home Infusion, Inc.*, 244 Ga. App. 683, 684 (536 SE2d 569) (2000).

UCB filed its motion to substitute on September 29, 2010, attaching a copy of an April 1, 2010, Asset Purchase and Sale Agreement between UCB and Fletcher International, Inc. and its affiliates. Although the incorrect property description was included as an exhibit to the Agreement, UCB filed a Supplement to Reply Brief in Support of Motion for Substitution of Party Plaintiff and attached thereto copies of the April 30, 2010, Bill of Sale by which UCB transferred to Asset Holding Company 5, LLC (AHC5) ownership of certain "Mortgage Note[s], Mortgage[s], Deed[s] and the contents of the Loan Files, Property Files and Servicing File[s]" including those for parcels of property at Liberty Point, Hampton Island, which is the property involved here. Also attached are two assignments dated July 30, 2010 of deeds to secure debt from UCB to AHC5 regarding the same property.

Appellants argue that AHC5 did not have standing and was, therefore, not a proper party to be substituted because UCB did not "negotiate" the promissory notes to AHC, but merely "assigned" them.

The promissory notes are negotiable instruments as defined in OCGA § 11-3-104 (a), which can be transferred "when . . . delivered by a person other than the issuer [Hampton Island, LLC] for the purpose of giving to the person receiving delivery the right to enforce the instrument." OCGA § 11-3-203 (a). Such a transfer, "whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course . . . ." OCGA § 11-3-203 (b).

During the hearing on the motion to substitute, the primary argument made was that "because UCB is not the real party in interest and there is *no admissible evidence that has been offered to show who, if anyone, is the real party in interest*, this Court should deny the motion for substitution . . . ." (Emphasis supplied.) It was also argued that there had been no proper endorsement of the promissory notes.

(a) First, we note that the record is replete with depositions, affidavits, and copies of the various documents reflecting the sale of assets of UCB to Fletcher International and its subsidiaries, including ACH5, and, specifically, the transfer of

the Hampton Island promissory notes and accompanying documents to ACH5. See *Williams v. Universal Decorators, Inc.*, 161 Ga. App. 165, 166 (288 SE2d 115) (1982) (Uncontroverted affidavit showed note transferred to corporation, thereby giving corporation title to the note and the right to collect it).

That appellants contest the "authenticity" of these documents is of no import. "A statement that has legal consequences independent of its truth or falsity is considered a 'verbal act' and is not hearsay when those legal consequences are relevant or material to the case. The simplest example is an out-of-court statement establishing the terms of a contract." Milich, Georgia Rules of Evidence (2nd ed.), § 17.6, pp. 352-353), cited in *Stubbs v. Dubois*, 306 Ga. App. 171, 174, fn. 5 (702 SE2d 32) (2010). Copies of all the contract documents at issue here are contained, some repeatedly, in the record before us and are properly considered by us.

We find that the terms of the transaction between UCB and ACH5 are fully and adequately set out in the record and not subject to the lack of authentication argument made by appellants.

(b) Appellants rely on *Bank of Danielsville v. Seagraves*, 167 Ga. App. 135, 139 (305 SE2d 790) (1983) (physical precedent) for their argument that the placement of the endorsement of the promissory notes to ACH5 in January 2011 by David

6

Shearrow of UCB was ineffective to establish ACH5 as a holder in due course. We note, however, that this case is physical precedent only and, therefore, not binding on this Court. Ga. Ct. App. Rule 33 (a). Further, we note that the case is factually distinguishable because no reference was made in that case to the promissory notes in the assignment. Id. Here, the specific documents subject to transfer were specified in the assignment.

Also, when an instrument is transferred for value and the transferor does not endorse the instrument, the transferee has a specifically enforceable right to have the endorsement of the transferor. OCGA § 11-3-203 (c). That the documents were transferred before the endorsements were added, therefore, does not benefit appellants.

As for the guarantors, the record contains assignments of these guaranties by UCB to ACH5 dated January 31, 2011. Even in the absence of specific assignments, however, "the transfer of the underlying principal obligation operates as an assignment of the guarant[ies]." (Footnote omitted.) *685 Penn, LLC v. Stabilis Fund I, L.P.*, 316 Ga. App. 210, 212 (1) (728 SE2d 840) (2012).

Therefore, we find that UCB effectively transferred its interest in the promissory notes, deeds to secure debt, guaranties, and other accompanying

7

documents to ACH5 so that, whether ACH 5 was a holder in due course or not, it was the real party in interest here and the trial court properly granted the motion to substitute party.

## REFUSAL TO ALLOW FILING OF COUNTERCLAIM

2. All appellants also enumerate as error the trial court's denial of their motion to file a counterclaim and they are considered together. We find no error.

Suit was commenced by UCB on February 5, 2010. On January 22, 2011, a joint motion for leave of court to file a counterclaim was filed on behalf of all appellants. The proposed counterclaim alleged violations of the federal anti-tying statute, 12 USC § 1972, common law fraud, and a claim for attorney fees and costs.

OCGA § 9-11-13 (a) provides, in pertinent part, that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ."

Here, appellants relied upon two bases for being allowed to file their counterclaim two weeks short of a year after the filing of the complaint, that they had learned of the facts supporting their counterclaim after the filing of the complaint, OCGA § 9-11-13 (e), and that justice required such a belated counterclaim, OCGA § 9-11-13 (f).

A cursory glance at the proposed counterclaim and the argument made by appellants at the hearing on their motion to add it reveal that the acts alleged were committed by or on behalf of UCB and all occurred in 2008 prior to the issuance of the first set of promissory notes to Borrower. Therefore, OCGA § 9-11-13 (e) is inapplicable. Further, the decision of whether to grant or deny a motion pursuant to that section is totally within the trial court's discretion and no abuse of that discretion has been shown. *Feifer v. Reliance Kitchens &c.*, 189 Ga. App. 653, 655 (4) (377 SE2d 28) (1988).

Acknowledging that they failed to include the counterclaim in their initial answers, appellants contend that they should be allowed to add the counterclaim under OCGA § 9-11-13 (f) which states that "[w]hen a pleader fails to set up a

counterclaim[2] through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by supplement." The determination of "[w]hether justice requires the grant of leave to set up an omitted counterclaim is a matter which addresses itself to the sound discretion of the trial court. Leave to amend may be denied where, as here, a party's motion for leave to add a counterclaim comes long after the initial pleading is filed. We find no abuse of discretion in the trial court's decision." (Footnotes omitted.) *Earthlink, Inc. v. Eaves*, 293 Ga. App. 75, 78-79 (4) (666 SE2d 420) (2008).

### GRANT OF MOTION FOR SUMMARY JUDGMENT

3. All of the appellants also enumerate as error the trial court's grant of summary judgment to AHC5. We find no error.

When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) 1991);

---

[2] "Essentially, a compulsory counterclaim is one which: 1) arises out of the same transaction or occurrence as the main claim; and 2) has matured at the time the answer is filed." *Tenneco Oil Co. v. Templin*, 201 Ga. App. 30, 31 (1) (410 SE2d 154) (1991).

*Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 S.E.2d 540) (1997).

Although appellant Wallace asserts that the grant of summary judgment should be reversed because the trial court did not open and consider all the depositions, we will not reverse a grant of summary judgment solely on this ground. *Taylor v. Schander*, 207 Ga. App. 627, 628 (2) (428 SE2d 806) (1993). Instead, we will examine the depositions and decide whether the evidence contained in them creates a material issue of fact. *Miller Grading Contractors v. Georgia Federal &c.*, 247 Ga. 730, 733-734 (3) (279 SE2d 442) (1981); *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 527 (2) (484 S.E.2d 249) (1997).

(a) Again, all of the facts presented by appellants which are contended to create material issues of fact precluding the grant of summary judgment relate to acts committed in 2008 in connection with the 2008 transaction. As far as they are contended to create a cause of action pursuant to the federal anti-tying act, 12 USC §1972, they are all acts committed by or allegedly on behalf of UCB, who is no longer a party to this case. Also, ACH5 is not a "bank" subject to that act.

11

Further, even assuming, without deciding, that such an act of "tying" had been committed by UCB, that is no defense to the underlying obligation on the promissory notes at issue here even if UCB were still party to the litigation. The anti-tying act enables an injured party to bring an action for treble damages to recover its losses due to the violation. "An obligation to pay back a loan, however, is not an injury." *Exchange Nat. Bank of Chicago v. Daniels*, 768 F2d 140, 144 (7th Cir. 1985). See also *The Chase Manhattan Bank v. Remington Products, Inc.*, 865 FSupp. 194, 199-200 (IV) (SDNY 1984).

(b) To the extent that appellant guarantors argue that fraud was committed by UCB in paying an inflated price for Lot 27 in foreclosure and thereafter obtaining an inflated appraisal of the property upon which appellants relied in signing the guaranties, such a claim is of no avail to them. There is no confidential relationship between a bank and its borrower and the bank has no duty to advise one contemplating the signing of a guaranty about problems with the viability of the business venture financed by the loan. *Baxter v. Fairfield Financial Svs.*, 307 Ga. App. 286, 293-294 (4) (704 SE2d423) (2010). Nor is one entitled to rely upon the appraised value of property because "an appraisal is simply an opinion of the value

of real estate, upon which a buyer is not entitled to rely." (Footnote omitted.) Id. See also *Coote v. Branch Banking &c.*, 292 Ga. App. 164, 166 (2) (664 SE2d 554) (2008).

(c) Finally, we note that in signing the guaranties for the 2009 promissory notes, all of the guarantors waived "legal or equitable defenses whatsoever to which Guarantor might otherwise be entitled, to the extent permitted by law, other than payment in full of all of the obligations of Borrower to Lender under the Loan Documents." Such waivers are enforceable. *Core LaVista, LLC v. Cumming*, 308 Ga. App. 791, 795 (1) (b) (709 SE2d 336) (2011); *Fielbon Development Co. v. Colony Bank &c.*, 290 Ga. App. 847, 854 (2) (b) (660 SE2d 801) (2008).

Having made its prima facie case for recovery under the promissory notes by producing the notes, AHC5 was entitled to summary judgment when the Borrower and guarantors failed to establish a defense, which, as discussed supra, appellants failed to do. *Core LaVista, LLC*, supra at 795. Accordingly, the trial court did not err in granting summary judgment to AHC5 on the appellants' claims.

*Judgment affirmed in Case No. A12A1694. Andrews, P.J., and Doyle, P.J., concur.*

*Judgment affirmed in Case No. A12A1695. Andrews, P.J., and Doyle, P.J., concur.*

13

*Judgment affirmed in Case No. A12A1696. Andrews, P.J., and Doyle, P.J., concur.*