# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2026

*The Court of Appeals hereby passes the following order:*

**A25A1637. WS CE RESORT OWNER, LLC v. THOMAS M. HOLLAND et al.**

WS CE Resort Owner, LLC ("Resort Owner") owns a resort community that includes a golf course next to a subdivision. The Resort Owner seeks to redevelop the golf course into a residential property. Homeowners in the subdivision, Thomas M. Holland, Connie C. Holland, and Evelyn M. McCarthy (the "Homeowners"), sued to stop the redevelopment. The trial court concluded that the Homeowners had an easement in the golf course and granted a permanent injunction preventing the course from being put to any other use. This Court affirmed the trial court's order in *WS CE Resort Owner, LLC v. Holland*, 360 Ga. App. 720 (860 SE2d 637) (2021) ("*Holland I*"). In *WS CE Resort Owner, LLC v. Holland*, 315 Ga. 691, 703 (2) (d) (884 SE2d 282) (2023) ("*Holland II*"), our Supreme Court vacated *Holland I* and remanded the case for the trial court to determine the "key question" of "whether the intent to grant an easement in the golf course was shown with sufficient clarity."

Upon remand, the trial court entered an order on April 3, 2025, denying competing motions for summary judgment filed by the parties and imposing an interlocutory injunction pending the resolution of this case requiring the Resort Owner to "operate the [golf] course in substantially the same manner as it did since its inception some thirty years ago". The Resort Owner then appealed that order to this Court. Now the Homeowners and non-party Heaven Properties, LLC have filed a motion to substitute Heaven Properties as a party to this appeal in the place of McCarthy. According to the motion, McCarthy transferred her interest in her property to Heaven Properties in July 2023, prior to the imposition of the

interlocutory injunction in her favor. In response, the Resort Owners argue that the interlocutory injunction is now void as to McCarthy because she had no right to pursue claims seeking the imposition of major restrictions on the Resort Owners' property. The Resort Owners also contend that several issues, including whether Heaven Properties can claim to be the beneficiary of alleged promises made by the original developers of the resort community, require the development of evidence in the trial court. The Resort Owners request that we vacate the trial court's order only as to McCarthy and remand her case to the superior court but continue this appeal in this Court with the respect of the rights of the other defendants.

The rights of McCarthy and/or Heaven Properties may be affected by our decision on the Hollands' appeal if we remanded only McCarthy's appeal. Therefore, we remand this case to the trial court in its entirety. The trial court is directed to vacate its April 3, 2025 order and to determine whether, if McCarthy's representations are true that she transferred her interest in her property to Heaven Properties, the action survived the transfer of interest from McCarthy. See OCGA § 9-11-25 (c) (1); *Hampton Island, LLC v. Asset Holding Co. 5, LLC*, 320 Ga. App. 880, 881 (1) (740 SE2d 859) (2013); *Goodyear v. Trust Co. Bank*, 248 Ga. 407, 408 (284 SE2d 6) (1981). Upon the entry of an appealable order, the Resort Owners will be entitled to a second appeal.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,__01/30/2026_____

     I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

     Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.